297 S.E.2d 849

**STATE of West Virginia**

v.

**Nina Johnson CLARK.**

**No. 15303.**

Supreme Court of Appeals of West Virginia.

Nov. 18, 1982.

---

Leo Catsonis, Charleston, Harvey D. Peyton, Nitro, for appellant.

James E. Roark, Pros. Atty., Frances W. McCoy, Asst. Pros. Atty., Charleston, for appellee.

McGRAW, Justice:

Nina Johnson Clark appeals from a conviction of first-degree murder rendered against her in the Circuit Court of Kanawha County. She contends that the trial court committed reversible error by giving an improper self-defense instruction.

## I.

The appellant was charged with shooting John C. Wood to death June 20, 1980, at her trailer in St. Albans. Although Wood was married at the time of his death, it was claimed that he and the appellant had been lovers for eight years. The appellant was 63-years-old when the shooting occurred, weighed about 75–80 pounds and stood five feet tall. The victim weighed about 218 pounds and stood five feet, eleven inches tall.

The basic facts surrounding the shooting are not in dispute. Wood went to the appellant's trailer early in the morning after visiting one of his painting crews at a construction site. Clark shot him once with a .25 caliber pistol which she owned. Wood wrestled the pistol away from her but died from loss of blood soon after the shooting.

At trial, the primary controversy concerned events leading up to the shooting. The prosecution portrayed Clark as a jealous woman who had threatened to kill Wood shortly before his death because she thought he was seeing another woman. Testimony revealed that Clark had hired a private investigator to determine whether Wood had been seeing someone else. The investigator testified that he had discovered no evidence to support such a belief, but that the appellant had refused to accept that finding.

Because no person actually witnessed the shooting other than the victim and the appellant, the prosecution relied on circumstantial evidence and a confession. Its theory was that the appellant had lured Wood to the trailer by calling him at the construction site, and that once he arrived, they argued and she shot him as he sat in a chair. The state medical examiner testified that the path of the bullet indicated that Wood was not standing at the time he was shot.

The appellant countered with a theory of self-defense. She testified that Wood answered her telephone after he arrived the morning of the shooting and became angry when no one spoke up. Wood then accused her of seeing another man and struck her, breaking her glasses and bruising her face. The appellant testified that she walked into her bedroom, returned with the pistol and shot the deceased after a subsequent confrontation.

The state did not dispute that the appellant had suffered a bruised face and an injured hand. Its position was that the victim had struck Clark after he was shot and had injured her hand when he took the gun away. The appellant's own testimony indicated that her hand had been injured after the shooting occurred. The jury apparently believed the prosecution's circumstantial evidence since it found the defendant guilty of first-degree murder and did not recommend mercy.

## II.

The appellant's primary assignment of error is that the trial court erred when it refused to give the self-defense instruction proffered by the defense. The appellee contends that the appellant did not introduce sufficient evidence to justify the giving of a self-defense instruction.

Uncontradicted testimony indicated that the appellant had suffered a blow to the face, that her glasses had been broken and that her finger had been injured. The only dispute centered on whether these events occurred before or after the shooting. Because the physical evidence indicated that such injuries had occurred, and no testimony was introduced by the prosecution to rebut the appellant's description of the sequence of events, the question of self-defense was an issue to be decided by the jury. Thus, the trial court correctly ruled that the appellant was entitled to a self-defense instruction. We must determine if the instruction given met the requirements of law.

■ This case is governed by our holding in *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978). That case concerned the stabbing death of a man who had threatened physical harm to the accused. We reversed the conviction because the trial judge had incorrectly placed the burden of proving self-defense on the accused. In syllabus point 4 of *Kirtley*, we held that "[o]nce there is sufficient evidence in the case to create a reasonable doubt that the killing resulted from the defendant acting in self-defense, the plaintiff must prove beyond a reasonable doubt that the defendant did not act in self-defense." Thus, we adopted the majority rule in America that the defendant need not prove self-defense by a preponderance of the evidence in order to place the burden of proof on the prosecution, but merely must produce sufficient evidence to create a reasonable doubt on the issue. Reviewing cases from other jur-

isdictions which had adopted the majority rule we stated:

> The rationale of these cases is rather simple. They reason that since self-defense is an absolute justification for a killing, once sufficient evidence is in the case to create a reasonable doubt on this issue the state, in order to obtain a guilty conviction, must prove beyond a reasonable doubt that the killing was not justified.

*Id.*, 162 W.Va. at 253–254, 252 S.E.2d at 380.

■ In this case, the defense offered verbatim a self-defense jury instruction approved by this Court in *Kirtley*. The trial court refused to give this instruction, despite repeated pleas by defense counsel, because it believed the instruction to be an incorrect statement of law. Defense counsel was forced by the Court to accept an instruction which paralleled the one found in *Kirtley* to be incorrect.* Both instructions place the burden of proof on the defendant under a preponderance of the evidence standard and fail to mention the State's burden of proof once the defendant has met the "sufficient evidence" thresh-

old. The giving of this instruction was reversible error.

### III.

The appellant has brought two issues to the Court's attention which, although not dispositive, deserve comment. The appellant claims the lower court committed reversible error by allowing the state medical examiner to testify about the manner of the victim's death and by permitting the investigating police officer to testify concerning certain statements made by the appellant at the shooting scene.

At trial, the medical examiner testified that the victim died from a gunshot wound and resulting blood loss. In response to a hypothetical question from the prosecution, he gave his opinion that the victim could not have been standing upright at the time of the shooting. Further, he opined that the shooting was a homicide.

■ The appellant contends that permitting the state medical examiner to testify that homicide was the manner of death allowed him to testify on an ultimate issue to be decided by the jury. In this state,

---

* The following instruction was given in *Kirtley*.

> The Court instructs the jury that if they believe from the evidence in this case that the defendant stabbed and killed David Lee Hill, and that he, the said defendant, relies upon self defense to excuse him from such an act, the burden of showing such excuse is on the defendant, and to avail himself of such defense he must prove to the satisfaction of the jury by preponderance of the evidence, or it must appear from all the evidence and circumstances in the case that at the time he killed the said David Lee Hill, he believed, and had reasonable grounds to believe that he was in immenent danger of death or great bodily harm at the hands of the said David Lee Hill and that he killed the said David Lee Hill for the purpose of protecting himself from such apparent danger, believing and having reasonable grounds to believe at the time he killed the said David Lee Hill, that said killing was necessary in order to protect himself from death or great bodily harm at the hands of the said David Lee Hill, but the Court instructs the jury that the defendant acted at his peril, as the jury must pass upon his actions in the premises from all the facts and circumstances in the case.

*Kirtley,* 162 W.Va. at 256–257 n. 3, 252 S.E.2d at 378 n. 3.

In this case, the trial court gave the following instruction.

> The Court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Nina Johnson Clark, shot and killed John Wood, and that she, the said Nina Johnson Clark, relies upon self-defense to excuse her for such act, the burden of showing such excuse is on the defendant, and to avail her of such defense she must prove to the satisfaction of the jury by a preponderance of the evidence, or it must appear from all the evidence and circumstances in the case, that at the time she shot and killed the said John Wood, she believed and had reasonable grounds to believe that she was in imminent danger of death or great bodily harm at the hands of the said John Wood, for the purpose of protecting herself from such apparent danger, believing and having reasonable grounds to believe at the time she shot and killed the said John Wood, that said shooting and killing was necessary in order to protect herself from death or great bodily harm at the hands of the said John Wood, but the Court instructs the jury that the defendant acted at her peril, as the jury must pass upon all her actions in the premises, from all the facts and circumstances in the case.

witnesses, expert or otherwise, may not testify conclusively on matters which are ultimately to be decided by the jury. *Redman v. Community Hotel Corp.*, 138 W.Va. 456, 76 S.E.2d 759 (1953).

▮ We agree that it was improper to permit the state medical examiner to testify conclusively that homicide was the manner of death. The appellant was charged with murder. In order for the jury to determine whether a murder had occurred, it first had to decide whether a homicide had taken place. Homicide means the killing of a human being by another human being for whatever reason, justified or not. *State ex rel. Combs v. Boles*, 151 W.Va. 194, 199, 151 S.E.2d 115, 118 (1966); *People v. Mahon*, 77 Ill.App.3d 413, 32 Ill.Dec. 569, 395 N.E.2d 950 (1979). Once a jury determines that a homicide has occurred, it must then determine whether the killing was justified, and if not, the degree of culpability to be placed on the defendant.

▮ Although the state medical examiner may not testify as to manner of death, he may describe the type and nature of wounds suffered by the victim. He may give his opinion as to the physical and medical cause of death. The state medical examiner may describe tests conducted as part of his examination. He may answer properly phrased hypothetical questions based upon the evidence, but he may not invade the fact finding function of the jury by making the ultimate factual—legal conclusion that is central to an element of the crime.

We are logically compelled to this conclusion by decisions in analogous sexual assault cases where examining physicians testified that sexual assaults indeed had occurred. That question is an ultimate fact to be decided by the jury just as is the question of homicide. Examining physicians may testify regarding their observations, examinations and findings, but may not testify conclusively on the ultimate issue for the jury. *Farley v. State*, 324 So.2d 662 (Fla.App.1975); *Cartera v. Commonwealth*, 219 Va. 516, 248 S.E.2d 784 (1978); *cf. State v. Mitter*, 168 W.Va. 531, 285 S.E.2d 376 (1981) (in sexual assault cases, psychologist may not testify that purpose of act was to obtain sexual gratification as this is element of crime). Whether this type of conclusion standing alone is reversible error we need not determine since the case is reversed on the self-defense instruction.

The appellant next contends that the trial court improperly allowed the arresting officer to testify about inculpatory statements allegedly made by the accused at the shooting scene. She claims that the officer failed to inform her of her *Miranda* rights before she spoke; the officer says he gave such warnings.

▮ "It is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance, out of the presence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence." Syllabus Point 1, *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966), *overruled in part*, *State ex rel. White v. Mohn*, 168 W.Va. 211, 283 S.E.2d 914 (1981); *see also Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). During the hearing, "part of the State's burden is to prove that the defendant prior to the giving of a confession was given the rights constitutionally mandated in *Miranda v. Arizona*." *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261, 266 (1982) (citation omitted). The focus of the hearing, however, is not merely on whether the arresting officer properly informed the accused of her rights. Rather, "the voluntariness of a confession is an inquiry that must be gauged by the totality of the circumstances under which it was given including the background, experience and conduct of the accused." *State v. Persinger, supra*, 169 W.Va. at 129, 286 S.E.2d at 267 (citations omitted).

▮ The state's burden of proof in showing that an accused voluntarily made statements or confessions, with full knowledge and comprehension of her *Miranda* rights, has been clearly stated in prior cases. "The State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which

 

amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syllabus Point 5, *State v. Starr,* 158 W.Va. 905, 216 S.E.2d 242 (1975); Syllabus Point 1, *State v. Vance,* 162 W.Va. 467, 250 S.E.2d 146 (1978).

In this case the record indicates that only two persons testified during the hearing—the arresting officer and the appellant. As can be expected, their testimony differed over when the deputy sheriff informed the appellant of her right to remain silent and her right to counsel. There is no evidence which indicates the presence of others at the time the alleged statements were made since the deputy sheriff and the appellant were alone in the trailer. After hearing the testimony, the trial court ruled that the appellant was aware of her rights when she made the statements and that she gave them voluntarily.

When a trial court must decide whether to admit or exclude confessions and other inculpatory statements, the burden of proof rests on the prosecution. The trial court's task becomes very difficult when the only testimony comes from an arresting officer who failed in his duty if he did not inform the defendant properly of her rights, and the accused, whose freedom is at stake. In such cases, it is likely that the trial court's decision on who and what to believe will turn, to a great extent, on the witnesses' credibility. In such cases, the trial court must ensure that it indicates on the record the basis of its ruling.

Basing its decision on the preponderance standard, the trial court must make findings of fact and conclusions of law regarding the admissibility of the evidence. When credibility of the witnesses is determinative on the issue of whether to admit or exclude evidence, the trial court must clearly indicate why it chose to believe one witness more than another. Such findings and conclusions are necessary so that this Court may properly fulfill its appellate review obligations by ensuring that the state did or did not meet its burden of proof.

In conclusion, the appellant is entitled to a new trial because the lower court erred in giving the jury a self-defense instruction which incorrectly placed the burden of proof relating to self-defense on the appellant. We therefore reverse the conviction of the appellant for first-degree murder and remand the case to the lower court for retrial.

Reversed and remanded for new trial.