STATE *ex rel.* RONALD D. WINE

*v.*

DONALD BORDENKIRCHER, *Warden,*

WEST VIRGINIA PENITENTIARY

(No. 13554)

Decided December 21, 1976.

*Brent E. Beveridge* for plaintiff-in-error.

*Chauncey H. Browning*, Attorney General, *Frederic J. George*, Assistant Attorney General, for defendant-in-error.

CAPLAN, JUSTICE:

In a proceeding in habeas corpus instituted in the Circuit Court of Marion County, the petitioner, appellant here, Ronald D. Wine, alleged that his conviction upon trial for armed robbery was void on the ground that he was deprived of effective assistance of counsel. By order dated June 12, 1974, the court denied the relief prayed for and the appellant prosecutes this appeal.

In September, 1971 Ronald D. Wine was indicted by the grand jury serving the Circuit Court of Marion County on the charge of armed robbery. It appears from the record that on the night of June 16, 1971 Kay Fincham, a clerk and cashier at Chico's Dairy Mart Food Store in the City of Fairmont, along with Frank Gerin, a ten year old boy, were tending the store when two men held them up and robbed them of approximately $1,400.00. Shortly thereafter Wine was arrested and was charged with the crime which resulted in the afforesaid indictment.

At the ensuing trial and upon this appeal the appellant contended and now asserts that he was deprived of effective assistance of counsel during his trial in the following respects: "(a) failure of counsel to make an independent investigation of the facts of the alleged crime; (b) failure of counsel to properly advise petitioner of his right to and the purpose of a preliminary hearing; (c) failure of counsel to utilize discovery procedure available under the laws of the State of West Virginia; (d) failure of counsel to cross-examine witnesses at the trial; (e) failure of counsel to present a defense to the armed robbery charge; (f) failure of counsel to assert petitioner's right to a speedy trial when requested to do so by the petitioner; (g) failure of counsel to properly advise petitioner of the possible sentences which would result upon conviction; (h) failure of counsel to properly advise petitioner of his post-conviction rights to an appeal." He also asserts that he was subjected to double jeopardy, although this matter was not raised or submitted to the Circuit Court of Marion County during or after the trial here complained of.

It is deemed to be unnecessary to consider separately and distinctly each of the alleged deficiencies in the assistance of counsel as quoted above. Instead, a full consideration of the record in relation to what transpired during the trial and the role played by appellant's counsel adequately covers the matters raised. Upon such consideration we find the appellant's assertion of

ineffective assistance of counsel to be without merit and we affirm the ruling of the court below.

It has been universally ackowledged that the right to the assistance of counsel is a fundamental right, essential to a fair trial, and is guaranteed by the federal and state constitutions. *Gideon v. Wainwright,* 372 U.S. 335 (1963); *State ex rel. May v. Boles,* 149 W. Va. 155, 139 S.E.2d 177 (1964). This constitutional right to the assistance of counsel contemplates effective assistance of counsel. *State v. Thomas,* ____ W. Va. ____, 203 S.E.2d 445 (1974).

While courts are most reluctant to void a conviction by reason of ineffective assistance of counsel, such action will be taken where the record exhibits, in an extreme case, that counsel's efforts have been so inadequate from the standpoint of diligence or knowledge of the law as to render the trial a farce and a mockery of justice. *State v. Thomas, supra.* See *Bell v. Alabama,* 367 F.2d 243 (1966), cert. den., 386 U.S. 916 (1967); *Nutt v. United States,* 335 F. 2d 817 (1964), cert. den., 379 U.S. 909 (1964); *Cooper v. Reincke,* 333 F.2d 608 (1964), cert. den. 379 U.S. 909 (1964); and *People v. Ibarra,* 34 Cal. Rptr. 863, 386 P.2d 487 (1963), wherein the court said: "It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham'."

Although, as noted in *State v. Thomas, supra,* a defendant is not constitutionally guaranteed the assistance of the best attorney at the bar or to such assistance as will result in an acquittal, he is entitled to such assistance as will afford him a meaningful and fair trail. The Court, in *Thomas,* said that such representation is constitutionally adequate if counsel "exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law."

It is now settled law that one who charges that his counsel at trial has been ineffective and that his ineffectiveness resulted in his conviction must prove his allega-

tions by a preponderance of the evidence. *State v. Thomas, supra.* See *State ex rel. Scott v. Boles,* 150 W. Va. 453, 147 S.E.2d 486 (1966). This burden is on the defendant to establish his allegation of inadequate representation, not as a matter of speculation but as a demonstrable reality. *People v. Welborn,* 65 Cal. Rptr. 8, 257 C.A.2d 513 (1967).

In the instant case a careful examination of the record reveals that the attorney, Mr. Alfred R. Putnam, whose representation is questioned, has actively practiced law in Marion County since 1928. He has handled many cases, both civil and criminal, including successful appeals to this Court and continues to be actively engaged in the practice of law.

Mr. Putnam related that he was appointed to represent Ronald Wine, but Wine, being adverse to being characterized as a pauper, refused to sign the necessary affidavit and retained Mr. Putnam. Thereafter, he explained on several occasions the possible sentences Wine could receive for the offense of armed robbery and attempted to get him to enter into a plea bargain for a lesser offense. Wine refused.

Prior to and during the trial Mr. Putnam received no cooperation from the defendant in the preparation of his defense. It is pertinent here to note that Wine and Kay Fincham had lived together for three and a half years and of this relationship a child was born. Wine relied entirely on his belief that she would not identify him as the perpetrator of the armed robbery and, as a result, he refused to testify or otherwise participate in the preparation of a defense. Kay Fincham's refusal to testify was based on her Fifth Amendment rights. However, when she was granted immunity, she immediately identified Wine as the one who had robbed her at Chico's store.

Wine assigned as error his counsel's refusal to cross-examine Miss Fincham. Mr. Putnam testified that he had discussed this matter with his client and, in view of

her positive identification of him, concluded that further examination of her would not be beneficial to his client. Certainly, in this circumstance, counsel's course was warranted and his conduct is not considered ineffective. In *State v. Thomas, supra,* the Court said, "... if the court determines there is any reasonable, tactical or strategic basis for counsel's conduct in the arguable situation, then such conduct is not considered ineffective."

The jury returned a verdict of guilty and Wine was sentenced to thirty years in the penitentiary. Counsel made a motion to set aside the verdict, and, upon its refusal, filed a timely notice of intention to appeal. The appeal was never prosecuted, a matter of which the defendant here complains. Mr. Putnam related that he approached Wine for the purpose of having him sign a pauper's affidavit for prosecution of the appeal. Again, the defendant refused to sign such affidavit, saying that he and his family would pay for his services on appeal. Wine did not contact Mr. Putnam further and the appeal period expired.

An examination of the transcript of the trial reveals that Mr. Putnam was very active on behalf of the defendant. He made numerous objections, many of which were sustained; he moved to strike certain testimony as hearsay and to strike other evidence on other grounds. Several of his motions were granted. After the conviction of Wine, the state filed an information under the recidivist statute; however, counsel intervened and obtained a dismissal of the information by reason of its having been filed at a term subsequent to that in which the defendant was convicted. Certainly, this effort by counsel was most beneficial to the defendant and was further evidence of the adequacy of his representation.

On the totality of the circumstances, as revealed by the record, the appellant has fallen far short of demonstrating that his conviction was the result of ineffective assistance of counsel.

Double jeopardy, raised on this appeal for the first time as a ground for relief in habeas corpus, is not

properly before this Court. It was not included in the petition in the trial court as a ground for relief; there was no factual development in relation to that ground; and the trial court was not afforded an opportunity to rule upon it. This is an appeal from the denial of relief on a petition for habeas corpus. A petitioner who seeks relief in habeas corpus in a trial court on one ground and appeals to this Court upon the denial thereof cannot, on appeal, obtain such relief on a different ground. Otherwise, the appeal would serve the office of an original petition in habeas corpus.

For the reasons stated herein, the judgment of the Circuit Court of Marion County is affirmed.

*Affirmed.*