STATE OF WEST VIRGINIA

*v.*

LARRY PELFREY

(No. 13942)

Decided July 12, 1979.

*George D. Beter* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

In April, 1976, a Cabell County Circuit Court jury found Larry Pelfrey guilty of malicious assault. *See,* W. Va. Code § 61-2-9. On April 30, the circuit court overruled Pelfrey's motion to set aside the verdict and grant a new trial, and sentenced him to two-to-ten years imprisonment. We reverse the final judgment entered below and remand the case to the circuit court.

In his appeal to this Court Pelfrey makes three assignments of error. He raises a speedy trial issue, asserts the trial court erred by allowing the State to introduce evidence of other crimes, and complains that the cumulative effect of the prosecuting attorney's misconduct during the trial denied him a fair and impartial trial.

The first assignment of error is without merit. The second and third standing alone are of arguale merit, but they acquire a more substantial status when considered in light of the following statement,[1] made by Pelfrey's counsel during the hearing on the motion to set aside the verdict and grant a new trial:

> I believe there's plenty of reversible error in the record. *I tried my best not to get a mistrial in that last case because I didn't want to have to try it a third time.* I'll be very frank and honest about it. Mr. Egnor did get in some remarks which were improper and reversible, and I'll have to admit that on (sic) particular one I didn't object to because *I didn't want to have to try this case again.* (Emphasis supplied)

---

[1] But for this statement the judgment below would in all likelihood have been affirmed.

Obviously, Pelfrey's counsel believed a mistrial motion was appropriate;[2] and implicit in his statement is the belief that a mistrial motion would have been granted. Statements by the judge during the trial gave counsel good reason for such a belief.

> It's two times already in this case where the robbery of the Abshires has been mentioned. *There's no objection by the defendant and that's the only thing that's saving a mistrial.* (Emphasis supplied)

Numerous decisions of this Court deal with the issue of ineffective assistance of counsel. *See,* e.g., *State v. Bush,* No. 14005 (W. Va. filed June 5, 1979); *Housden v. Leverette,* ___ W. Va. ___, 241 S.E.2d 810 (1978); *Cannellas v. McKenzie,* ___ W. Va. ___, 236 S.E.2d 327 (1977); *State ex rel. Wine v. Bordenkircher,* ___ W. Va. ___, 230 S.E.2d 747 (1976); *Carter V. Bordenkircher,* ___ W. Va. ___, 226 S.E.2d 711 (1976); *State v. Thomas,* ___ W. Va. ___, 203 S.E.2d 445 (1974); *State ex rel. West Virginia-Pittsburgh Coal Co. v. Eno,* 135 W. Va. 473, 63 S.E.2d 845 (1951).

Considering the judge's remarks it appears a mistrial would in all probability have been granted, and it seems clear that Pelfrey was prejudiced by his counsel's actions, that those actions altered the outcome of the proceedings, and therefore, were not harmless. *See, Cannellas, supra.* Accordingly, given the clear stated beliefs of the trial judge and defense counsel, and considering their superior position to assess the pertinent facts, we feel it unproductive and unnecessary to attempt a contrary interpretation of the record. *See, State ex rel. Brooks v. Worrell,* 156 W. Va. 8, 15, 16, 190 S.E.2d 474, 478 (1972), (Haden, J., dissenting).

No attorney reasonably skilled in the practice of criminal law, believing what Pelfrey's counsel believed would

---

[2]The events underlying the second and third assignments of error were the basis of counsel's belief that a mistrial motion was appropriate.

have failed to make a motion for mistrial unless the failure was based on sound trial tactics or strategy. Errors of counsel are not deemed to be ineffective assistance if those errors are arguably a matter of trial tactics or strategy. *See,* syl. pt. 2, *State ex rel. Wine v. Bordenkircher,* ___ W. Va. ___, 230 S.E.2d 747 (1976); *State v. Thomas,* ___ W. Va. ___, 203 S.E.2d 445 (1974). But, in this case, by defense counsel's admission, the failure to move for a mistrial was not based on trial tactics or strategy. The decision not to make the mistrial motion was based solely on counsel's personal interests. Such a basis for action which substantially effects a client's interests is not only impermissible but violates the most fundamental elements of the relationship of a defense lawyer to the client. The professional judgment of a lawyer should be exercised solely for the benefit of his client, free of compromising influences, and the lawyer's personal interests should not be permitted to dilute his loyalty to the client. *See,* Canon 5, EC 5-1, Code of Professional Responsibility, 1970.

Pelfrey's counsel lost sight of what was best for his client. He was no longer representing his client zealously within the bounds of the law. Canon 7, Code of Professional Responsibility, 1970. He felt economic pressure not to try the case again, he yielded to this pressure, and in so doing he failed to fulfill his obligations to Pelfrey, the legal system and his profession. It may well be that the economic pressure Pelfrey's counsel felt was very real. *See, State ex rel. Partain v. Oakley,* ___ W. Va. ___, 227 S.E.2d 314, 323, (1976). But, however real the pressure, yielding to it was ethically impermissible. The lawyer's obligation to give the client undiluted loyalty within the framework of the law is the very basis of our adversary process. If Pelfrey's counsel had advised him of the possibility of a mistrial, and had Pelfrey participated in the decision or had there been some arguable trial strategy behind the decision to forego the mistrial motion, we might well find counsel had acted effectively. *See, State v. Tahash,* 280 Minn. 155, 158 N.W.2d 504 (1968). None of these factors were present in this case.

When in a criminal case, defense counsel, reinforced by the court, maintains a reasonable, good faith belief that error has occurred warranting mistrial, but fails to move for mistrial solely because of personal economic motivation, the defendant has been denied effective assistance of counsel.

Pelfrey's lawyer violated the ethical considerations upon which the representation of his client was founded. He failed to effectively represent Pelfrey, and in so doing deprived him of due process by denying him a fair and impartial trial. Art III, §§ 10, 14, W. Va. Const.; Sixth Amendment, U.S. Const. A trial court lacks jurisdiction to enter a valid judgment of conviction against an accused who has been denied effective assistance of counsel, and a judgment so entered is void. Syl. pt. 25, *State v. Thomas*, ___ W. Va. ___, 203 S.E.2d 445 (1974).

The foregoing authorities provide ample support for our holding. But, even in the absence of these authorities, the remarks of Pelfrey's counsel standing alone are so contrary to basic notions of a fair trial they shock the conscience of this Court. The remarks create such an appearance of impropriety and injustice we would be constrained to reverse the judgment on these bases alone.

To some degree Pelfrey's counsel was victimized by an unsatisfactory system of providing counsel for indigents. This is indeed unfortunate. But, in this case we will not make Mr. Pelfrey the second victim of this system.[3] We reverse the judgment below and remand the case so that a new trial may be awarded.

*Reversed and remanded.*

---

[3]We note that Pelfrey's appellate counsel was, at some stage of the proceedings below, serving as a special prosecutor in the case. While he did not try the case he did appear as counsel of record of the State. Such an arrangement has unfavorable ethical implications, and creates an appearance of impropriety.