STATE OF WEST VIRGINIA

*v.*

STEVEN JOHN KEY

(NO. 14890)

Decided March 10, 1981.

*William W. Pepper* for appellant.

*Chauncey H. Browning*, Attorney General, *Richard S. Glaser, Jr.*, Assistant Attorney General, for appellee.

PER CURIAM:

Steven John Key appeals from a final order of the Circuit Court of Nicholas County sentencing him to from one to ten years in the penitentiary upon a jury verdict finding him guilty of the grand larceny of a Guernsey cow.

The defendant makes four assignments of error. His first and primary ground on appeal is that the verdict is not supported by the evidence because there was no evidence adduced below showing his criminal intent. Second, he contends the trial court erred in giving one of the State's instructions and in refusing to give one of his instructions. Third, he alleges his appointed counsel ineffectively represented him and created a substantial probability of prejudice. Fourth, he asserts the trial transcript does not accurately reflect the trial testimony and proceedings.

The initial question is whether there was sufficient evidence adduced at trial to support the jury's guilty verdict of grand larceny. In *State v. Starkey*, 161 W.Va. 517,

244 S.E.2d 219 (1978), we discussed at some length the standard of review applicable to claims of insufficiency of the evidence. In the first syllabus, we held:

"In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

The law also requires that where circumstantial evidence is relied on to prove a defendant's guilt beyond a reasonable doubt, such evidence must be sufficient to exclude every reasonable hypothesis of innocence. As we held in the second syllabus of *State v. Dobbs*, 163 W.Va. 630, 259 S.E.2d 829 (1979):

"Circumstantial evidence will not support a guilty verdict, unless the fact of guilt is proved to the exclusion of every reasonable hypothesis of innocence; and circumstances which create only a suspicion of guilt but do not prove the actual commission of the crime charged, are not sufficient to sustain a conviction."

*See also*, Syl. pt. 1, *State v. Crafts*, ____ W.Va. ____, 272 S.E.2d 46 (1980); Syl. pt. 2, *State v. Hunter*, 103 W.Va. 377, 137 S.E. 534 (1927).

Applying this law to the present case requires us to review the evidence presented at trial in the light most favorable to the prosecution.

The owner of the cow in question, Mr. James Johnson, owned a sixty-five acre farm that adjoined the farm owned and occupied by the mother of the defendant. The farms are separated by a four-strand barbed wire fence and are located in Nicholas County. At the time of the alleged offense, Johnson owned and kept on his farm a total of eleven head of Angus and Hereford cattle, and one

Guernsey cow. Defendant's mother also owned approximately twenty-five to thirty head of cattle of several breeds which she kept on her farm, but she did not own any Guernsey cattle.

The defendant, who had been unemployed for some period of time, returned home to his mother's farm to live shortly before Christmas in 1978. On Saturday, December 30, 1978, the defendant loaded Mr. Johnson's Guernsey cow on his pickup truck and drove to Lewisburg, West Virginia, where he sold the cow for $325.00 in cash. Mr. Johnson discovered the cow was missing that morning while performing his daily chore of feeding and counting his cattle. He found the top three strands of the barbed wire fence separating the two farms had been cut at one location, and he also observed an ordinary feed bucket located on Mrs. Key's property, some twenty-five feet away from where the fence had been cut. Mr. Johnson testified that his Guernsey cow would follow a person about anywhere if he had a bucket with cattle feed in it. He also testified that he did not own the feed bucket, and that it was partially full of a type of cattle feed that he never gave his cattle. Mr. Johnson's testimony concerning the fence being cut and the presence of a feed bucket was corroborated by a Nicholas County Deputy Sheriff.

While there was evidence that the defendant thought the Guernsey cow belonged to his mother and that he sold the cow to get money to live on and to fix the brakes on his truck, the defendant bought two hogs at the Lewisburg market for $265.00, and a calf for some unspecific amount, thereby expending much of the $325.00 he obtained from selling the cow.

The evidence also shows that when the defendant was arrested he told the police, after being informed of his rights, that he had gone to the cattle market in Lewisburg driving an empty pickup truck.

Considering this evidence and all the facts and circumstances of record, we conclude that there was sufficient evidence adduced at trial to convince an impartial jury of the defendant's guilt beyond a reasonable doubt, that the

evidence was not manifestly inadequate, and that no injustice has been done by the verdict returned in this case. Secondly, we conclude that the circumstantial evidence of the defendant's guilt was sufficient to exclude every reasonable hypothesis consistent with his innocence.

The defendant's second assignment of error need not detain us long. The defendant contends the trial court erred in giving State's Instruction No. 1A and in refusing his instruction No. 6.* State's Instruction No. 1A states as follows:

> "The Court instructs the jury in this case that if they believe from the evidence, beyond a reasonable doubt, that the accused, at the time and place alleged in the indictment herein, committed the crime charged against him in said indictment, then they should find him guilty as charged in the indictment herein."

This instruction is neither binding on the jury, as contended by the defendant, nor an incorrect statement of the law. It has been in use in this State since at least as early as *State v. Winans*, 100 W.Va. 418, 130 S.E. 607 (1925), and the trial court committed no error in giving it.

The trial court's refusal to give Defendant's Instruction No. 6 was not error. While this instruction was well-tailored to the facts of this case, it is basic law that it is not error to refuse to give an instruction which is adequately covered by another instruction or instructions given in the case. Syl. pt. 25, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966); Syl. pt. 20, *State v. Hamric*, 151 W.Va. 1, 151 S.E.2d 252 (1966). As we held in syllabus point 3 of *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966):

---

\* "The Court instructs the jury that intent is the essence of the crime of larceny and if the jury believes that the defendant honestly thought the cow was the property of his mother and that she did have the full right to dispose of same and that he was not merely aiding her in carrying away anothers property and that he was without knowledge of any wrongful or illegal purpose, then you should acquit him."

"It is not error to refuse to give an instruction to the jury, though it states a correct and applicable principle of law, if the principle stated in the instruction refused is adequately covered by another instruction or other instructions given."

The trial court gave two of the defendant's instructions which advised the jury that criminal intent is an essential element of the crime of larceny. First, the jury was informed that a felonious intent is an essential ingredient of the crime of larceny. Additionally, they were instructed that the defendant's intent at the time of the taking of the cow was a material fact in the case, and that before they could convict him of the offense it was necessary that they be convinced beyond a reasonable doubt that at the time he took the property he believed it to be the property of Mr. Johnson and that he intended to deprive Mr. Johnson of such cow permanently. Considering the instructions as a whole, it is clear that the jury could not have been misled into thinking that they could return a guilty verdict merely upon a showing that the defendant took the cow and sold it at the market.

We have carefully considered the defendant's assignment that he was denied effective assistance of counsel and find it to be without merit. The defendant's attorney had substantial time to prepare a defense since he appeared for the defendant at the arraignment in February 1978, some five weeks before the trial. He did present to the jury the defendant's theory that he lacked a criminal intent. To the extent that defense counsel failed to make certain motions on behalf of the defendant which would normally have been made by an attorney who was reasonably knowledgeable of criminal law, we conclude that his omissions were not prejudicial, would not have in any way influenced the outcome of the case, and must be regarded as harmless error. Syl. pt. 19, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

Finally, the defendant contends that the trial transcript is not accurate and that he was not sworn as a witness until cross-examination. We find no merit in this contention. The trial transcript clearly shows that the defendant

was sworn in as a witness prior to direct examination. Even aside from the fact that the record is presumed to speak the truth, *see*, e.g., *State v. Vest*, 21 W.Va. 796 (1883); 5A M.J. *Courts* § 31 (1976), we fail to perceive how the defendant could have been in any way prejudiced by the asserted irregularity. It is fundamental that "[a]n appellate court will not reverse a lower court for any error in the trial unless the error is harmful to the defendant." Syl. pt. 25, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966).

For the foregoing reasons, the judgment appealed from is affirmed.

*Affirmed.*