301 S.E.2d 173

**STATE of West Virginia**

v.

**Bonnie Gale MULLINS.**

**No. 15242.**

Supreme Court of Appeals of West Virginia.

December 15, 1982.

Rehearing Denied March 30, 1983.

Gregory W. Bailey, Deputy Atty. Gen., Charleston, for appellee.

Leo Catsonis, Michael T. Clifford, Charleston, for appellant.

PER CURIAM:

The defendant was convicted of voluntary manslaughter in the Circuit Court of Kanawha County. On appeal she argues that the trial court erred in instructing the jury, that the prosecuting attorney made improper remarks to the jury during closing argument, that the trial court erred in permitting a medical examiner to testify that the cause of the victim's death was homicide, and that she received ineffective assistance of counsel during trial. After examining the questions presented, we conclude that the trial court committed no reversible error, and we affirm the defendant's conviction.

The defendant was convicted of killing Jerry Hamilton, the father of two of her children. Mr. Hamilton was found in a car parked on a driveway in Rand, West Virginia, on August 28, 1978. He had sustained a gunshot wound to the head and was apparently dead when discovered. Two or three feet from the door of the car a .22 caliber pistol was found on the ground.

Evidence was introduced that on the day of the shooting the victim had visited the defendant, had quarreled with her and had removed the couple's two children. The defendant had been observed shouting obscenities at him. He returned about 7:30 p.m. and was seen backing out of the driveway and then reversing course and driving toward the house at a high rate of speed and stopping. A few minutes later four shots were heard. One of the State's witnesses, Margaret Taylor, who lived in the same neighborhood, testified that the defendant appeared at her door wanting to use the telephone and said that she had just shot her husband.

The defendant testified that on the day in question the victim had been drinking and they had argued. She said that immediately before the shooting he had kicked the kitchen table over and struck her twice. When he left and had almost gotten out of the driveway, he returned and yelled for her. She testified that when she went out, the car door was open, and the victim told her that he was going to kill her. She said he picked up a pistol and pointed it at her.

She grabbed for it, and a struggle ensued. The gun fired, and she got it away from him. As she was backing away, it went off again. She testified that when the gun went off, initially at least, both of them had their hands on it. She also said that she did not know where she held the gun when she got it and that she did not mean to shoot the victim.

■ On appeal, the defendant's first assertion is that the trial court erred in giving State's Instruction No. 13, as amended, which informed the jury that if they believed that the defendant shot the victim "and that she, the said Bonnie Gale Mullins, relies upon self-defense to excuse her from such act, the burden of showing such excuse is on the defendant." The defendant argues that the giving of the same instruction was found to be reversible error in Syllabus Point 4 of *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978):

"Once there is sufficient evidence to create a reasonable doubt that the killing resulted from the defendant acting in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense."

■ The rule established in *Kirtley* is that once there is some evidence of self-defense, the State is required to disprove the self-defense beyond a reasonable doubt. Consequently, an instruction is defective when it requires the defendant initially to prove self-defense by a preponderance of the evidence without informing the jury that the State's ultimate burden is to prove lack of self-defense beyond a reasonable doubt.

In the case before us, the defense counsel did not object to the instruction on the ground that it failed to require the State to disprove self-defense beyond a reasonable doubt. Likewise, the defense did not challenge it on the ground that it required the

defendant to establish the defense by a preponderance of the evidence. Instead, defense counsel said: "We would object to that. That infers an intent to shoot and kill. Evidence shows that it was an accidental shooting."

■ In Syllabus Point 3 of *State v. Gangwer*, 169 W.Va.177, 286 S.E.2d 389 (1982), we said:

"The general rule is that a party may not assign as error the giving of an instruction unless he objects, stating distinctly the matters to which he objects and the grounds of his objection."

*See also State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979); *State v. Angel*, 154 W.Va. 615, 177 S.E.2d 562 (1970).

■ In *State v. Gangwer*, 168 W.Va. 190, 283 S.E.2d 839 (1981), we specifically noted that the rule announced in *State v. Kirtley, supra,* was of a nonconstitutional nature, and we held that to be entitled to relief on the ground that an instruction is invalid under *Kirtley,* one must object to it at trial, stating in Syllabus Point 3:

"In the absence of any substantial countervailing factors, where a new rule of criminal law is made of a nonconstitutional nature, it will be applied retroactively only to those cases in litigation or on appeal where the same legal point has been preserved."

In view of the fact that defense counsel in this case failed to object to the instruction on the ground contained in *Kirtley,* we conclude that the giving of it cannot support the reversal of the defendant's conviction.

■ Next, the defendant contends that the trial court erred in giving Defendant's Instruction No. 11A, as amended, without deleting certain language.[1] The language that defense counsel wanted deleted was the phrase "and the scuffle was started by Jerry Hamilton." The trial judge was of

---

1. Defendant's Instruction No. 11A, as amended, stated:

"The Court instructs the jury that if you believe from the evidence that there was a scuffle over the gun, which Jerry Hamilton had, which said scuffle ultimately resulted in the death of the decedent Jerry Hamilton, and

the scuffle was started by Jerry Hamilton, and that the accused, Bonnie Mullins, in fear for her safety, endeavored to protect herself by attempting to take the gun and in so doing, Jerry Hamilton was accidentally killed, then you may not find the defendant guilty of the offense charged."

the view that this was a type of self-defense instruction and that the phrase was proper to show that Hamilton was the aggressor. Defense counsel did not explain to the trial court why the phrase should be taken out nor what was the underlying theory of the instruction. Defense counsel on appeal argues that it was an accidental killing instruction. Certainly, the instruction had overtones of this in the phrase "was accidentally killed." We do not see how the phrase objected to here prejudiced the defendant since there was other language concerning the defendant such as "fear for her safety" that carried overtones of self-defense and the defense attorney did not ask to have them deleted. In view of this, we refuse to find reversible error as to this point.

■ The defendant contends that remarks made by the prosecutor during closing arguments about the defendant's failure to give a pretrial statement were improper. No objection was made to these remarks at trial. The prosecutor's remarks were in response to defense counsel's remark in his closing argument to the effect that the indictment should not be considered as evidence of guilt since the defendant did not give her story to the grand jury and the trial is the first time her story is presented. The prosecutor in the course of answering stated: "Mr. Miller [defense counsel] told you that the first time Bonnie Mullins told her side of the story was here in court. She was asked that night. She didn't tell the EMT's or the police."

We recognized in *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977), following the precepts of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), that the constitutional right to remain silent carries with it the right not to be impeached at trial over one's pretrial silence. We do not believe that *Boyd* is applicable to the present situation where there is a generalized comment in the closing argument by the prosecutor in response to the defendant's statement in the same area.

■ The defendant's next assignment of error is that the trial court erred in permitting a medical examiner who examined the deceased's body to testify that the manner of death was homicide. *See State v. Clark*, 171 W.Va. 74, 297 S.E.2d 849 (1982). However, we note that there was no objection to this at the trial, which in the absence of plain error, precludes our consideration of the point on appeal. *State v. Burton*, 163 W.Va. 40, 254 S.E.2d 129, 140 (1979); *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219, 227 (1978).

■ The defendant's final assertion is that the attorney who represented her during trial rendered ineffective assistance. Our test for ineffective assistance of counsel is set forth in Syllabus Point 19 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974):

"In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error."

*See Carrico v. Griffith*, 165 W.Va. 812, 272 S.E.2d 235 (1980); *State v. Foddrell*, 165 W.Va. 540, 269 S.E.2d 854 (1980); *State ex rel. Wine v. Bordenkircher*, 160 W.Va. 27, 230 S.E.2d 747 (1976).

■ The defendant's assertion of ineffective assistance of counsel focuses on three claimed deficiencies. First, she argues that her counsel was ineffective when he failed to object to the prosecutor's remarks during closing argument on her failure to tell her story prior to trial and we have previously found this assertion not to have merit. Second, she contends that he failed to make various evidentiary objections and failed to vouch the record on the decedent's violent tendencies. Third, she claims that her attorney failed to render

effective assistance when he failed to object to the *Kirtley* instruction.

On appeal the defendant points to the fact that her attorney should have objected to the introduction of the pistol and shell casing found at the scene of the shooting. From a review of the record, we believe a proper foundation was made for their introduction. She also asserts that an objection should have been made to six photographs depicting the deceased's body. These photographs were originally not included in the record on appeal but we have secured the same and find them not to be gruesome. They are black and white photographs and there is no showing of any blood in the photographs. Five of the photographs depict the deceased's position in his car and do not reveal the gunshot wound. The sixth is a photograph of the deceased's chest and face with no contortion of the facial features and the entry wound has the appearance of a small dark mole on the side of his forehead. Again, there is an absence of any blood. In Syllabus Point 6 of *State v. Buck*, 170 W.Va. 428, 294 S.E.2d 281 (1982), we stated:

> "In order for photographs to come within our gruesome photograph rule established in *State v. Rowe*, 163 W.Va. 593, 259 S.E.2d 26 (1979), there must be an initial finding that they are gruesome."

In reviewing the entire record, we believe the trial attorney acted competently as to evidentiary matters.

The defendant's final assertion in this area is that her attorney was ineffective when he failed to object to the *Kirtley* instruction. This case was tried several months after the decision in *State v. Kirtley, supra,* was published. The effect of the *Kirtley* decision was not to make a radical change in our substantive law of self-defense but to moderate our instructional law on the ultimate burden of proof. Other courts have recognized that failure of counsel to ensure that the jury is properly instructed on the burden of proof on the question of self-defense will not support a reversal based on ineffective assistance of counsel. *See State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978); *Commonwealth v. Domaingue*, 8 Mass.App. 228, 392 N.E.2d 1207 (1979). Consequently, we are of the view that the failure of defense counsel to object to the *Kirtley* instruction in the case before us does not constitute ineffective assistance of counsel such that the case should be reversed on that ground.

There being no reversible error in the case, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.