346 S.E.2d 802

**STATE of West Virginia**

v.

**Ross JENKINS.**

No. 16864.

Supreme Court of Appeals of West Virginia.

July 9, 1986.

⸱ Franklin D. Cleckley, Morgantown, Kevin V. Sansalone, Fairmont, for appellant.

. J. Montgomery Brown, Pros. Atty., Fairmont, for appellee.

PER CURIAM:

This is an appeal by the defendant, Ross Jenkins from an order of the Circuit Court of Marion County sentencing him to from five to ten years in the State penitentiary for second-degree sexual assault. On appeal the defendant makes three assignments of error. He claims that he was not afforded effective assistance of counsel. He argues that the trial judge significantly limited and precluded his attorney from effectively and meaningfully cross-examining witnesses. Lastly, he claims that the trial judge denied him a fair trial by persistently interrupting the course of the trial and by making prejudicial comments on defense counsel's performance. After examining the record, we conclude that the defendant's assignments of error are without merit. Accordingly, we affirm the judgment of the Circuit Court of Marion County.

According to evidence introduced by the State during the trial of this case, the defendant, who was the owner of an auto repair shop in Fairmont, and Arnold Cottrill, an acquaintance, went to Grafton, West Virginia, on February 23, 1984, in search of auto parts. In Grafton they met Pam Flori at a bar where the defendant was making inquiries about the parts. Ms. Flori told him that she owned an old car that needed repair. The defendant gave her his name and address on a slip of paper, and after some conversation, invited her to join him, and Arnold, for a pizza. Ms. Flori agreed, and the three went to a nearby restaurant, where they shared a pizza and a pitcher of beer.

After eating, Ms. Flori agreed to accompany the defendant and Arnold Cottrill and to help them locate the salvage yards where they hoped to find the parts which they needed. Later the defendant offered to drive Ms. Flori to Fairmont, where she lived. She accepted. The defendant proceeded to drive the party to the Catawba area of Marion County, where Arnold Cottrill lived. Mr. Cottrill left the party at that time, and the defendant and Ms. Flori proceeded in the defendant's automobile toward Fairmont.

Shortly thereafter, according to Ms. Flori's testimony, the defendant stopped the automobile, got "fresh" with her, and then raped her. He later drove her to Fairmont, where he let her out.

Ms. Flori reported the incident to the police almost immediately, and the defendant was arrested in the early morning

hours of February 24, 1984, and taken to the Marion County Sheriff's office. At the sheriff's office he was questioned by the three individuals who had arrested him, two police officers and J. Montgomery Brown, the Marion County Prosecuting Attorney. In the course of the interrogation the defendant made several conflicting statements as to his whereabouts on the night of the arrest. Later he was arraigned and released on bond.

During a subsequent investigation of the area where the sexual assault had allegedly occurred, police officers located certain items which tended to connect the defendant with the crime, including the slip of paper the defendant had given Ms. Flori with his name and address and money which Ms. Flori said she had lost. The defendant was indicted in June, 1984, and a Fairmont attorney was appointed to represent him. The trial in the case was conducted on September 11, 12, 13, and 14, 1984.

### I.

The defendant's first assignment of error on appeal is that he did not receive adequate representation of counsel.

The leading case on assistance of counsel in West Virginia is *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974). In syllabus point 19 of that case, the Court stated:

In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error.

Also in *Thomas,* as well as later cases, the Court recognized that the burden is upon the appellant to prove the ineffectiveness of his counsel and that the ineffectiveness resulted in prejudice:

One who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence.

Syllabus point 22, *State v. Thomas, supra;* see, *Carrico v. Griffith,* 165 W.Va. 812, 272 S.E.2d 235 (1980); *State ex rel. Wine v. Bordenkircher,* 160 W.Va. 27, 230 S.E.2d 747 (1976).

In the present case the defendant points to a number of instances in which he claims that his counsel was ineffective. After examining the record, the Court is of the opinion that in each of the instances the defendant has failed to show, by a preponderance of the evidence, as he is required to do by syllabus point 22 of *State v. Thomas,* that his counsel was ineffective.

The defendant first claims that his counsel failed to move to suppress the statements made after his arrest. It appears from the record that the trial court *sua sponte* conducted a voluntariness hearing on the statements and found them to be voluntary. Where defense counsel fails to make motions that an attorney reasonably knowledgeable of criminal law would make, but the attorney's omission is not prejudicial and does not influence the outcome of the case, the omission must be regarded as harmless. *See, State v. Key,* 166 W.Va. 505, 275 S.E.2d 924 (1981). In view of the fact that the court in the present case *sua sponte* conducted a voluntariness hearing, we cannot find that defense counsel's failure to make a motion for such a hearing was prejudicial.

The defendant next claims that his counsel should have moved that the prosecutor recuse himself because he was present at the defendant's arrest and interrogation. The defendant cites no cases supporting the argument. While the Court is aware of no recent West Virginia case addressing the issue, it has been recognized that the fact that a state's attorney is not disqualified from prosecuting a case simply because he has heard the defendant make incriminating statements, unless circumstances are such that it will be necessary

for him to testify to the jury about those statements. *State v. Howard*, 27 Ariz. App. 339, 554 P.2d 1282 (1976). Also, in at least one early West Virginia case, the Court stated:

A confession of the accused is admissible in evidence where it appears that it was made to the prosecuting attorney and sheriff without any inducement of a worldly or temporal character in the nature of a threat, promise or benefit held out to him by them in respect to his escape from, or mitigation of, his punishment. . . .

Part syllabus, *State v. Goldizen*, 93 W.Va. 328, 116 S.E. 687 (1923).

The defendant claims that his attorney was ineffective in failing to vouch the record after the trial court precluded him from eliciting certain testimony. In at least one West Virginia case, *State v. Mullins*, 171 W.Va. 542, 301 S.E.2d 173 (1983), the Court recognized that the failure of defense counsel to vouch the record, absence of a showing of prejudice, does not constitute ineffective assistance of counsel. The Court believes that such is the situation in the instant case.

■ Next, the defendant argues that his counsel was ineffective in not requesting a cautionary instruction where the State's case was based on the uncorroborated and uncontradicted testimony of the prosecuting witness. The defendant claims that he was entitled to such an instruction under the holding of this Court in *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981). In syllabus point 5 of *State v. Payne*, the Court stated:

Where the State's case is based upon the uncorroborated and uncontradicted identification testimony of a prosecuting witness, it is error not to instruct the jury upon request that, if they believe from the evidence in the case that the crime charged against the defendant rests alone on the testimony of the prosecuting witness, then the jury should scrutinize such testimony with care and caution.

In the case presently under consideration, Pam Flori's testimony was corroborated by physical evidence, specifically by the slip of paper with the defendant's name and address on it, in his handwriting, found at the scene of the crime.

■ Proceeding through the defendant's allegations, the Court notes that the defendant claims that his attorney was ineffective when, without cause, he struck a member of the venire, Ann Hamilton, from the jury panel when Ms. Hamilton was favorable to him. He suggests that if Ms. Hamilton had been a part of the jury the verdict might have been different. The defendant's remark about the possible outcome of the case is pure speculation. The record suggests that defense counsel had been acquainted with Ms. Hamilton since she was a little girl and may have made the strike for cause. He later testified that he did not want Ms. Hamilton's presence on the jury to hurt the defendant. Also the defendant and defense counsel did go over the jury list together. On this point, the defendant has again failed to show that his attorney was ineffective.

■ The defendant next charges that his attorney failed to conduct a meaningful and effective voir dire of the prospective jurymen. In the course of the voir dire, defense counsel asked a number of questions to which the trial judge objected. For instance, defense counsel asked: "Do any—do any of you believe that a person is innocent before proven guilty?" At another point he asked: "If the State does not prove that there was a forced intercourse, beyond a reasonable doubt—sir, ladies, what would be your verdict if the State does not prove beyond a reasonable doubt—" The defendant argues that because the trial judge interrupted and admonished defense counsel not to ask these questions, defense counsel's voir dire was ineffective. The Court believes that a reading of the entire record shows that, even though defense counsel did conduct an aggressive voir dire and was from time to time interrupted, his performance was not clearly ineffective. In effect, the defendant has again failed to carry the burden of showing that defense counsel's actions adversely affected the outcome of the case.

■ Lastly the defendant claims his counsel misadvised him concerning the consequences of his testifying at trial. The defendant has indicated that his attorney advised him that if he took the stand the State could bring up his past record and intimidate him. He indicates that for that reason he did not take the stand during the trial of his case. At a hearing on this matter, defense counsel indicated under oath that he did not advise the defendant that prior crimes could be brought up under any circumstances and for that reason the defendant should not testify. He stated that what he actually told the defendant was that at a rape trial there was a probability that a man's character would be brought into evidence and that if the defendant's character was brought into evidence the State would be allowed to say "Isn't it true that you have been convicted of a felony?" He informed the defendant that he had the right to testify and the right not to testify, and that if he did not that fact could not be used against him. He attempted to inform the defendant of the risks of his taking the stand, and after so doing he let the defendant make a decision. The record does not show by a preponderance of the evidence that defense counsel was ineffective on this point.

## II.

The defendant's second assignment of error is that the trial judge committed reversible error by significantly precluding defense counsel from conducting a meaningful and effective cross-examination of several of the State's witnesses. The defendant argues that a close examination of the record in the case shows numerous occasions where the trial judge interrupted the proceedings to rebuke or admonish defense counsel. On the other hand, the trial judge did not on one occasion interrupt the proceedings to rebuke or admonish or criticize the State's attorney.

The defendant specifically points to three occasions on which the trial court interrupted defense counsel. In the first situation the court limited cross-examination after defense counsel had cross-examined a particular witness, Dr. Turner, for approximately fourteen pages on the record. In the second, during the recross-examination of a forensic expert, Sergeant Fred S. Zane, the court prohibited defense counsel from questioning the expert on matters not raised on re-direct examination. In the third, the court limited the cross-examination of Deputy Parker after the witness and defense counsel became involved in a discussion over whether Ms. Flori should be designated as a "victim" or "alleged victim."

In *State v. Foster*, 171 W.Va. 479, 300 S.E.2d 291 (1983), the Court recognized that as a general rule the scope of cross-examination is within the discretion of the trial court and usually limited to matters brought out on direct. However, a trial court may not control the scope of cross-examination so far as to prejudice the defendant.

■ The Court has examined each of the instances cited by the defendant as error and believes that in each instance the judge was acting within his discretion. In each case his remark was apparently intended to keep the testimony within relevant bounds. The remark limiting the cross-examination of Dr. Turner came as the trial was resuming after the noon recess. Defense counsel had indicated that he was going to go back over a portion of the doctor's testimony. The Court said: "Now, I don't want to go back too far. I would indicate that the Court feels that there is some question as to relevancy of a lot of this cross-examination.... We're not going to go through a med school class here through the vehicle of cross-examination." The court, in limiting the testimony of expert Zane, properly noted that defense counsel on recross-examination was going beyond the scope of redirect. Lastly, the Court believes that the trial judge properly intervened to prevent the cross-examination of Deputy Parker from breaking down into an argument between him and defense counsel over whether Ms. Flori should have been called a "victim" or "alleged victim."

### III.

Lastly, the defendant contends that the trial judge committed reversible error by frequently and persistently interrupting the course of the trial to make prejudicial remarks about trial counsel's performance. Defense counsel points to three specific series of remarks by the trial judge. First, after defense counsel, who knew a prospective jurywoman, stated that he trusted her, the judge ruled that the remark was improper. When counsel attempted to respond, the judge interrupted and said: "I don't want to hear any explanation because I think you're going to get into something else this jury's not interested in if you start explaining." Secondly, he claims that the judge's remarks limiting his cross-examination of Dr. Turner, which have already been discussed, were prejudicial. Lastly, he argues that the judge's remarks limiting the cross-examination of Deputy Parker, which have also already been mentioned, were improper.

In *State v. Burton*, 163 W.Va. 40, 254 S.E.2d 129 (1979), this Court examined the propriety of a trial judge's intervention in the trial process and concluded in syllabus point 4:

> A trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such intervention does not operate to prejudice the defendant's case. With regard to evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury.

In the present case in interrupting defense counsel's voir dire of the prospective jurywoman, the trial judge, in effect, indicated that voir dire was not an appropriate place for defense counsel to make personal remarks to a venireman. In so indicating, the judge was correct and was within his right of controlling the orderly course of the trial. The Court does not believe that the judge's stating that he did not want to hear an explanation cast aspersions upon defense counsel so as to prejudice the defendant's case. Likewise, in the other two instances, it is apparent, as already explained, that the judge again was attempting to control the course of the trial. In neither case can this Court conclude that the trial judge's remarks were prejudicial.

For the reasons stated, the judgment of the Circuit Court of Marion County is affirmed.

Affirmed.