328 S.E.2d 510

**STATE of West Virginia**

v.

**Robert Lee BLEVINS, Jr.**

**No. 16320.**

Supreme Court of Appeals of
West Virginia.

March 28, 1985.

Robert S. Baker, Adler & Baker, Beckley, for appellant.

George P. Stanton, III, Asst. Atty. Gen., Charleston, for appellee.

NEELY, Chief Justice:

The appellant, Robert Lee Blevins, Jr., was convicted in the Circuit Court of Raleigh County of the felony sale and transfer of prazepam, a Schedule IV substance, in violation of *W.Va.Code* 60A–4–401(a)(iii) [1984]. The appellant was sentenced to a term of 1 to 5 years and ordered to pay prosecution costs in the amount of $108. Upon review of the record, this Court reverses the appellant's conviction and remands the case for a new trial because Robert Lee Blevins, Jr. was denied effective assistance of counsel in violation of *W.Va.Const.* art. III, § 14 and the *U.S. Const.*, amend. VI.

On 14 November 1981 in the men's restroom of the Yesterday's Lounge in Beckley, West Virginia, Robert Lee Blevins sold a powdery substance (later identified by a police laboratory as prazepam) to an undercover police officer, Stanley Sweeney, for $10. Officer Sweeney had been wired for sound, and the entire transaction between him and the appellant was tape-recorded by Detective Marvin Robinson in an automobile outside the establishment.

On 19 April 1982 Robert Lee Blevins was among thirty-two individuals secretly indicted by a Raleigh County Grand Jury. He was indicted for the sale and transfer of both prazepam and marijuana. In October of 1982 the appellant entered a guilty plea to possession of marijuana, but elected to go to trial on the sale and transfer of the controlled substance known as prazepam.

The appellant recites a rather extensive litany of his counsel's incompetence and confusion during his trial on 11 March 1983. The State, on the other hand, insists that the appellant has failed to meet the substantial burden that is necessary to reverse a conviction because of ineffective assistance of counsel. In the State's opinion trial counsel's representation of Mr. Blevins was adequate.[1]

The appellant maintains effective assistance of counsel eluded him because his counsel did not exhibit even the most rudimentary understanding of the law. We agree. Even the hesitations of a doubting Thomas would disappear upon a cursory reading of the record. Defense counsel was so severely lacking in trial practice ability and so very confused in attempting to present an insanity defense that the appellant did not receive a proper trial. Trial counsel's machinations cannot be excused under Syllabus Point 21 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), where we stated: "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have

---

1. The appellant also assigns ten further points of error committed by the trial court. These assignments include the trial court's failure to direct a verdict; the refusal to offer four different instructions to the jury; improper and prejudicial comments from the bench to counsel in the presence of the jury; giving the jury an improper verdict form; failure to grant a continuance for further psychiatric evaluation; improperly admitting into evidence the tape recording of the drug transaction; and finally, the trial court's improper sentence. Because we reverse on incompetence of counsel, we find these other issues are not fairly raised.

so acted in the defense of an accused." This Court is confident that the preponderance of the evidence conclusively shows that Mr. Blevins' representation was substandard and inadequate, syl. pt. 22, *State v. Thomas,* and that, consequently, the appellant was denied his fundamental right to a fair trial. As we have frequently held, "[i]n West Virginia an accused is entitled to effective representation by a lawyer reasonably skilled and experienced in the practice of criminal law." *Watson v. Black,* 161 W.Va. 46, 52, 239 S.E.2d 664, 668 (1977).

The crux of the appellant's ineffective assistance of counsel assignment of error concerns the manner in which Mr. Blevins' trial counsel prepared for and presented his client's insanity plea. Clearly substantial evidence existed to intimate that the appellant was psychologically troubled. Mr. Blevins had a long history of mental difficulty and, a few days after his arrest, the appellant took a drug overdose and slashed his abdomen and chest in an apparent, albeit clumsy, suicide attempt. He was put in hospital where his counsel solicited the diagnostic services of Dr. Riaz Uddin Riaz, a psychiatrist, who later was the sole expert called by the defense at the appellant's trial.

Dr. Riaz interviewed the appellant some eight times before the 11 March 1983 trial and found that Mr. Blevins suffered from acute and chronic alcoholism and major depression. The appellant admitted to a long history of drug abuse and alcoholism. The doctor considered Mr. Blevins' behavior to be "very explosive" (in 1977 he was committed for a spell to a mental institution after attacking his grandparents), and that his marriage was a tumultuous one. Dr. Riaz also hypothesized that appellant's difficulties were aggravated by serious head injuries he sustained in several motor vehicle accidents. There is no doubt that trial counsel had a wealth of evidence at his fingertips to enable him to present a strong case that the defendant was insane at the time of the alleged felony.

However, the trial transcript indicates that counsel was entirely unfamiliar with the insanity defense and, accordingly, failed adequately to prepare such a defense. Although counsel served notice of a defense "based upon mental condition" weeks before trial, he neglected to secure copies of the appellant's medical records until a few days before trial and failed to introduce any of these records into evidence or exhibit much knowledge of their contents. Dr. Riaz did offer brief testimony on behalf of the defense, but counsel, in clumsy examination, appeared incapable of tying the doctor's testimony into a demonstration of his client's insanity.

At the trial's commencement, counsel was unaware when the appellant had been arrested, nor was he able to recite the offense for which Mr. Blevins was brought to trial. Perhaps it is possible to excuse, as the State excuses, these lapses as mere "slips of the tongue" but counsel continued his fumbling when he requested that a tape recording (purporting to be of the transaction for which the appellant was indicted) be played to the jury, although trial counsel *had never listened to that tape before.* Counsel insisted the tape be introduced despite warnings from the trial court *and* the prosecution that the recording would "kill" the appellant. Upon hearing the tape recording trial counsel immediately attempted to object to its introduction "since it wasn't that clear". (Trial counsel had been aware of the tape for some nine months before trial.)

Perhaps the most painful indications of trial counsel's unpreparedness (or incompetence) are his rambling and almost incomprehensible *voir dire,* opening statement, and closing argument. Not only would a most elementary reading of the record suggest the trial counsel was unprepared for trial but also that he did not know about what he was talking. To take a sampling of counsel's inarticulate advocacy during *voir dire:*

> The evidence in this case will show that there's a undercover agent, sale and transfer of marijuana, would you be able to hear this case without any preconcieved or conviction that because merely that a policeman's testifying that you will render the decision that you render

based upon the evidence if the State has not proved its case beyond a reasonable doubt? This is the burden they carry....

Everyone says yes I take it. Have you read or heard anything about this case on Mr. Blevins for sale and transfer of marijuana? I'm going to take that back. Indictment 340 isn't it? ... It's prazepam, which is another drug. Do you have friends or relatives who have used drugs? Do you believe that drug addicts are dangerous? Do you believe that drug users are more likely to commit crimes than persons who don't use crime —drugs, I mean, excuse me? [sic]

After the State and the appellant rested their cases, counsel declined to submit any written instructions to the trial court. Finally, after the appellant was sentenced, counsel acquiesced in the trial court's entering a void sentencing order. This order sentenced the appellant from one to five years in the state penitentiary despite the maximum sentence of one to three years under *W. Va. Code* 60A–4–401(a)(iii) [1984].

A perusal of the entire record indicates conclusively that trial counsel was, at best, abysmally prepared to defend the appellant. Such deplorable lack of preparation cannot be excused as strategy, tactics or even as an arguable course of action. Indeed, no reasonably qualified defense lawyer could excuse or justify trial counsel's handling of the appellant's case. This Court holds that the appellant, Robert Lee Blevins, received ineffective assistance of counsel and, accordingly, is entitled to a new trial.

For the foregoing reasons the decision of the Circuit Court of Raleigh County is reversed and this case is remanded to that court for a new trial consistent with this opinion.

Reversed and Remanded.