342 S.E.2d 292

**John Allen WHITT**

v.

**Manfred HOLLAND, Warden, etc.**

No. 16882.

Supreme Court of Appeals
of West Virginia.

April 4, 1986.

James C. Stucky, Meyer & Perfater, Charleston, for appellant.

Atty. Gen. Charlie Brown, Asst. Atty. Gen. Bethany Boyd, Charleston, for appellee.

PER CURIAM:

In this original proceeding, John Allen Whitt, acting *pro se*, filed a petition for a writ of habeas corpus seeking (1) reversal of his conviction in the Circuit Court of Raleigh County, of breaking and entering, and (2) discharge from further confinement. We issued a rule and appointed counsel to represent the petitioner. Upon consideration of the petition, the State's

response, the argument of counsel and our review of various exhibits, we are of the opinion that the petitioner was ineffectively represented in the presentation of his appeal. A writ of habeas corpus ad subjiciendum is therefore granted to allow the petitioner the opportunity to perfect a new appeal.

On June 14, 1984, the petitioner was convicted of breaking and entering a department store in Raleigh County. The petitioner's trial counsel, representing him on appeal, presented a petition to this Court, which was refused on January 30, 1985. The petitioner subsequently filed a *pro se* petition for a writ of habeas corpus ad subjiciendum, in which he asserted nine grounds for relief. Most of the grounds related to alleged trial errors were not raised on appeal. During oral argument before this Court, the petitioner's appointed counsel raised additional grounds including ineffective assistance of trial counsel. In light of our determination that the petitioner is entitled to a new opportunity to appeal, we do not discuss the alleged trial errors.

Among other grounds set forth in the *pro se* petition, it is alleged that the petitioner was denied his right to appeal because his counsel filed an appeal petition without first consulting with the petitioner and without submitting the appeal petition to the petitioner for review. The petitioner contends he was thus denied a right to assist his counsel in the preparation of the appeal.

Copies of letters from the petitioner to his appointed counsel and a member of appointed counsel's law firm substantiate the allegation that there was a failure of communication between counsel and petitioner at the time of the preparation and presentation of the petitioner's appeal. Until the petitioner filed his *pro se* petition, this Court was unaware of the difficulties of communication encountered by the petitioner during the appeal period. As noted, we have also again reviewed the petition for appeal. Considering that petition in light of the comments by counsel on this habeas corpus proceeding, we observe that the petition was deficient in failing to raise several important issues, including possible ineffective assistance of counsel during trial. The statement of facts also reflected a lack of conscientious attentiveness to the record.

In syllabus point 2 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977), we held: "An indigent criminal defendant who desires to appeal his conviction has a right, under Article III, Sections 10 and 17 of the *West Virginia Constitution* to the effective assistance of court-appointed counsel on his appeal." *See also Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and cases collected therein at n. 9, 469 U.S. at 399, 105 S.Ct. at 837, 83 L.Ed.2d at 831.

■ Our standard for evaluating counsel's effectiveness is found in syllabus point 19 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974):

In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error.

Ineffective assistance of appellate counsel has been found in *Burton v. State,* 455 N.E.2d 938 (Ind.1983) (properly preserved trial errors were not adequately presented on appeal), and in *People v. Gonzalez,* 47 N.Y.2d 606, 419 N.Y.S.2d 913, 393 N.E.2d 987 (1979) (factors considered in finding ineffective assistance include deficiency of the brief and failure to consult with defendant).

■ Counsel's actions, in inhibiting the participation of petitioner in the preparation of the appeal and in presenting an inadequate appeal petition fell below the standard of "normal and customary degree

of skill." When we measure the performance of petitioner's appellate counsel against the *State v. Thomas* standard, we conclude that the petitioner was denied his right to effective assistance of counsel on appeal. He is entitled to appointment of counsel for the purpose of perfecting a new appeal.

Writ granted as moulded.