355 S.E.2d 631

**STATE of West Virginia**

v.

**Virgil GLOVER.**

**No. 16834.**

Supreme Court of Appeals of West Virginia.

March 27, 1987.

Neal Jay Hamilton, Fairmont, for appellant.

Jay Montgomery Brown, PA, Fairmont, for appellee.

McHUGH, Justice:

This case is before this Court upon an appeal by Virgil Glover, the appellant, from convictions of aggravated robbery and malicious assault. The Circuit Court of Marion County, West Virginia, sentenced the appellant to consecutive terms of seventy-five years for the aggravated robbery conviction and two-to-ten years for the malicious assault conviction. On appeal the assignments of error are (1) the allegedly ineffective assistance of counsel (primarily by failing to give timely notice of an alibi defense), (2) an alleged abuse of discretion by the trial court in not granting a further continuance for the preparation of an alibi defense and (3) the imposition of an allegedly disproportionate sentence for the aggravated robbery conviction. We conclude that a remand for an evidentiary hearing is necessary for the trial court to determine whether the evidence as developed on remand indicates that trial counsel was ineffective by failing to investigate and to prepare adequately an alibi defense which was in fact available to the appellant.

## I

The appellant was found guilty of having severely beaten and robbed a fifty-three-year-old chronic alcoholic to whom the appellant had given a ride in a car.[1] After the beating and robbery the victim was stripped of his coat, shoes and socks and was thrown in the mud beside the road. After regaining consciousness the victim crawled in the cold rain to a nearby house where the owner called an ambulance and the police. The victim was treated at the hospital for broken ribs, numerous bruises and lacerations and hypothermia.

The appellant testified that he had a hangover on the day in question and was at his house in another town where he was being cared for by his family. Exercising the discretion conferred upon it by *W. Va. R. Crim.P.* 12.1(d), the trial court, upon the State's motion, precluded the appellant from presenting the testimony of purported alibi witnesses because the appellant had failed to comply timely with *W. Va. R. Crim.P.* 12.1(a), which requires a criminal defendant to serve written notice of an intent to offer an alibi defense, along with the names and addresses of the alibi witnesses, within ten days after the prosecu-

---

1. There were also two or three other men in the appellant's car who participated in the beating and robbery. The victim was unable to identify these other men. The victim was a long-time acquaintance of the appellant.

tion demands the same (or at such different time as the court may direct).[2] In this case the appellant served the notice of alibi on the day before trial, which was nearly two months after service of the State's demand for such notice. An amended notice of alibi, adding two alibi witnesses' names, was served by the appellant on the second day of trial.

The appellant's trial counsel explained to the trial court that he had been preoccupied with an attempted plea agreement which "fell through" two weeks before trial, and that there had been insufficient time to complete the investigation of the alibi defense. Trial counsel had subpoenaed four possible alibi witnesses. The trial court responded that it had continued the trial for a week after plea agreement discussions concluded and that in its opinion there had been sufficient time to prepare the alibi defense, especially in light of the fact that most, if not all, of the purported alibi witnesses were close relatives of the appellant who had been living with or near the appellant.

## II

### A.

In syllabus point 19 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), this Court enunciated what most authorities call a "reasonably effective assistance" standard for determining whether a criminal defendant had received effective assistance of counsel:

In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error.[3]

Syllabus point 21 of *Thomas* applies this "reasonably qualified defense attorney" test to matters involving trial tactics or strategies: "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused."[4]

Syllabus point 22 of *Thomas* states the general rule on the burden of proof of ineffective assistance of counsel: "One who charges on appeal that his trial counsel was ineffective and that such resulted

---

**2.** The complete text of *W.Va.R.Crim.P.* 12.1(a) and 12.1(d) are as follows:

(a) *Notice by Defendant.* Upon written demand of the attorney for the state stating the time, date and place at which the alleged offense was committed, the defendant shall serve within 10 days, or at such different time as the court may direct, upon the attorney for the state a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

. . . .

(d) *Failure to Comply.* Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of an undisclosed witness offered by such party as to the defendant's absence from or presence at the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf. Subdivision (e) of this rule provides that the court, for good cause shown, may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.

**3.** *Accord,* syl. pt. 1, *State v. Jenkins,* 176 W.Va. 652, 346 S.E.2d 802 (1986); syl. pt. 2, *Whitt v. Holland,* 176 W.Va. 324, 342 S.E.2d 292 (1986); syl. pt. 1, *State v. Hutchinson,* 176 W.Va. 172, 342 S.E.2d 138 (1986); syl. pt. 1, *State ex rel. Levitt v. Bordenkircher,* 176 W.Va. 162, 342 S.E.2d 127 (1986); syl. pt. 14, *State v. Davis,* 176 W.Va. 454, 345 S.E.2d 549 (1986) (collecting cases at 564 n. 20); syl. pt. 1, *State v. Swiger,* 175 W.Va. 578, 336 S.E.2d 541 (1985).

**4.** *Accord,* syl. pt. 2, *State ex rel. Levitt v. Bordenkircher,* 176 W.Va. 162, 342 S.E.2d 127 (1986); syl. pt. 2, *Acord v. Hedrick,* 176 W.Va. 154, 342 S.E.2d 120 (1986); syl. pt. 2, *Tucker v. Holland,* 174 W.Va. 409, 327 S.E.2d 388 (1985).

in his conviction, must prove the allegation by a preponderance of the evidence."[5] Moreover, this Court is "very cautious about finding that counsel has been ineffective." *State v. Bias,* 171 W.Va. 687, 690, 301 S.E.2d 776, 779 (1983). *Accord, Tucker v. Holland,* 174 W.Va. 409, 414, 327 S.E.2d 388, 393 (1985). "A charge of ineffective assistance of counsel is not one to be made lightly. It is a serious charge which calls into question the integrity, ability and competence of a member of the bar." *State v. Baker,* 169 W.Va. 357, 365, 287 S.E.2d 497, 502 (1982). *Accord, Tucker v. Holland,* 174 W.Va. 409, 414, 327 S.E.2d 388, 393 (1985).

As required by this Court in *State v. Thomas, supra,* and its progeny, the Supreme Court of the United States requires a criminal defendant to show that counsel's performance was both deficient (under a reasonably effective assistance standard) and prejudicial to the defendant's obtaining a fair trial in order to sustain a claim of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

### B.

■ Counsel's failure to investigate adequately a material element in the client's defense may constitute ineffective assistance of counsel. The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange for their attendance. *Carrico v. Griffith,* 165 W.Va. 812, 816, 272 S.E.2d 235, 238 (1980); *Carter v. Bordenkircher,* 159 W.Va. 717, 722, 226 S.E.2d 711, 715 (1976). Similarly, in *Scott v. Mohn,* 165 W.Va. 393, 268 S.E.2d 117 (1980), this Court listed counsel's conducting or failure to conduct a proper investigation of the facts and the law in preparation for trial as a typically relevant factor in determining whether a criminal defendant had been denied effective assistance of counsel. 165 W.Va. at 397, 268 S.E.2d at 120.[6]

■ Ineffective assistance of counsel is established when it is proved that counsel for a criminal defendant failed to investigate adequately a purported alibi defense and consequently failed to contact, subpoena and call alibi witnesses who were willing and able to testify for the defendant in a case in which the alibi was the defendant's sole possible defense or a material defense. *See, e.g., Bell v. Georgia,* 554 F.2d 1360 (5th Cir.1977); *Gomez v. Beto,* 462 F.2d 596 (5th Cir.1972); *Wilson v. Cowan,* 578 F.2d 166 (6th Cir.1978); *People v. Rodriguez,* 73 Cal.App.3d 1023, 141 Cal.Rptr. 118 (1977), *review denied,* Jan. 5, 1978; *Holland v. Commonwealth,* 679 S.W.2d 832 (Ky.Ct. App.1984). *See generally* annotation, *Modern Status of Rule as to Test in Federal Court of Effective Representation by*

---

**5.** *Accord,* syl. pt. 2, *State v. Jenkins,* 176 W.Va. 652, 346 S.E.2d 802 (1986); *State v. Blevins,* 174 W.Va. 636, 638, 328 S.E.2d 510, 512 (1985); syl. pt. 4, *Tucker v. Holland,* 174 W.Va. 409, 327 S.E.2d 388 (1985); *State v. Jacobs,* 171 W.Va. 300, 306, 298 S.E.2d 836, 842 (1982).

**6.** Cases involving a failure to make the careful factual and legal inquiries and investigations necessary to a constitutionally adequate representation are to be distinguished from cases wherein counsel, having made such inquiries and investigations, makes tactical or strategic decisions—whether wise or unwise when viewed with the benefit of hindsight—which cause counsel not to utilize the fruits of his or her labors. When, however, the knowledge necessary to an *informed* tactical or strategic decision is *absent* because of counsel's ineptitude or lack of industry, "trial tactics" is no justification for the failure to make the necessary inquiries

and investigations. *People v. Rodriguez,* 73 Cal. App.3d 1023, 1031 n. 1, 141 Cal.Rptr. 118, 123 n. 1. (1977), *review denied,* Jan. 5, 1978.

In *State v. Watson,* 164 W.Va. 642, 264 S.E.2d 628 (1980), this Court observed that the "broad allowance for an attorney's choice of trial strategy has been uniformly applied to his [or her] selection of *available* defenses." 164 W.Va. at 649, 264 S.E.2d at 633 (emphasis added). Obviously, counsel must make reasonable and diligent inquiries and investigations in preparing for trial in order to determine which defenses are in fact available. Equally obvious is the fact that counsel may not argue "choice of trial tactics" with respect to selection of defenses when a reasonable trial preparation would indicate that there is only one available defense. *See Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 694 (1984); *Pickens v. State,* 549 S.W.2d 910, 912 (Mo.Ct.App.1977).

*Counsel*, 26 A.L.R.Fed. 218, § 8 ("Preparation for trial; investigation and consultation with client") and § 10[c] ("Failure to present particular witnesses") (1976 and Supp.1986); annotation, *Modern Status of Rules and Standards in State Courts as to Adequacy of Defense Counsel's Representation of Criminal Client*, 2 A.L.R. 4th 27, § 11[e] ("Evidence of guilt or innocence: Effect of purportedly exculpatory evidence") (1980 and Supp.1986).

Counsel's unexplained failure to give timely notice of an alibi defense, resulting in the exclusion of alibi witnesses' testimony, has been held to constitute ineffective assistance of counsel, where such failure and other deficient aspects of the representation prejudice the defense. *See State v. Tchida*, 347 N.W.2d 338, 339–40 (S.D.1984). A possible explanation for the failure to give timely notice of an alibi defense is the failure to investigate such defense adequately and with reasonable diligence; this latter failure, as discussed *supra*, would constitute ineffective assistance of counsel.

There are, however, other possible explanations for the failure to give timely notice of an alibi defense. For example, the defendant may not have cooperated with defense counsel but, instead, may have refused to timely inform defense counsel of the existence, identity and addresses of potential alibi witnesses. A case in point is *People v. Elder*, 73 Ill.App.3d 192, 29 Ill. Dec. 140, 391 N.E.2d 403 (1979). In that case the defendant, on appeal of his armed robbery conviction, alleged, *inter alia*, the ineffective assistance of counsel in failing to discover that there were two alibi witnesses. The court rejected this claim:

> There is in fact nothing in the record showing whether counsel did or did not know of their existence. But even if he did not, knowledge of the existence of alibi witnesses was peculiarly within the knowledge of the defendant himself. If he failed to cooperate with counsel by informing him of their existence, then he cannot now complain that counsel did not know of them.... [I]t would be a strange anomaly if [an] accused could refuse to aid or cooperate with counsel and then on review advance counsel's lack of preparation as a ground of incompetency.

73 Ill.App.3d at 202, 29 Ill.Dec. at 148, 391 N.E.2d at 411. Also instructing the court was the principle that "a claim of prejudice cannot be based on mere conjecture." 73 Ill.App.3d at 199, 29 Ill.Dec. at 146, 391 N.E.2d at 409.

Another case involving the defendant's refusal to cooperate with defense counsel by refusing to timely disclose alibi witnesses is *United States v. Barron*, 575 F.2d 752 (9th Cir.1978). There the defendant had been warned by the trial court that he would not be permitted to benefit from his own neglect of his case but would be personally responsible for complying with the alibi disclosure rule, *Fed.R.Crim.P.* 12.1.[7] The prosecution requested notice of any alibi defense eleven days prior to trial. The defendant did not disclose the information about his alibi defense to his counsel, and defense counsel did not notify the prosecution, until the scheduled trial date, which was one day late for disclosure. The trial court denied defense counsel's motion for a continuance at the start of trial and imposed the sanction of *Fed.R.Crim.P.* 12.-1(d), specifically, the exclusion of the alibi witnesses' testimony. On appeal of his conviction of armed bank robbery the defendant argued that the trial court abused its discretion in excluding the alibi witnesses' testimony and in not finding good cause for the defendant's untimely notice of an alibi defense. The appellate court concluded that there was no abuse of discretion in excluding the alibi witnesses' testimony in this case and held that one factor justifying such exclusion was the defendant's refusal to cooperate in his own defense until the scheduled trial date. 575 F.2d at 758.[8]

---

**7.** *W.Va.R.Crim.P.* 12.1 is derived from and is identical to *Fed.R.Crim.P.* 12.1 (other than referring to the prosecution as the "state" rather than as the "government").

**8.** In the case now before this Court the appellant does not argue that the trial court abused its discretion in excluding the purported alibi witnesses' testimony. He argues, instead, that trial counsel's untimely notice of an alibi de-

The Supreme Court of the United States also has recognized that the reasonableness of defense counsel's pretrial investigations of possible defenses is influenced significantly by the communications between defense counsel and the defendant and that inquiry about such communications may be critical to a determination of whether the defendant received effective assistance of counsel:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674, 695–96 (1984). *See also Pickens v. State*, 549 S.W.2d 910, 913 (Mo.Ct.App. 1977) (trial counsel testified at post-trial evidentiary hearing that defendant had told him that defendant's mother and sister could not provide an alibi, contrary to their post-trial testimony).

Another possible explanation for the failure to give timely notice of an alibi defense is counsel's investigation of possible fabrication of the alibi. "Given the ease with which an alibi can be fabricated," *Williams v. Florida*, 399 U.S. 78, 81, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446, 450 (1970), and given the principle that the constitutional right to effective assistance of counsel is not violated by counsel's refusal to present perjured testimony at trial, *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), the amount of time it took for trial counsel to ferret out the veracity or the strength of the purported alibi witnesses' testimony may constitute good cause for the untimely notice of alibi. Counsel has no duty to manufacture a defense if in fact none existed. *People v. Elder*, 73 Ill. App.3d 192, 203, 29 Ill.Dec. 140, 148, 391 N.E.2d 403, 411 (1979) (alibi).

### C.

■ The fact that there are various possible explanations for the failure to give timely notice of an alibi defense in this case, including the possibility that there was no witness who was willing and able to establish the alibi, indicates that it would be inappropriate and premature on this record to decide whether the appellant was

---

fense constitutes ineffective assistance of counsel.

As in *United States v. Barron*, discussed *supra* in the body of this opinion, the appellant here does not argue that the exclusionary sanction of Rule 12.1(d) is unconstitutional. Relying upon *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), this Court, in syllabus point 5 of *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983), has held that the reciprocal disclosure requirements of *W.Va.R.Crim.P.* 12.1 are constitutional. *Williams* held that *Fed. R.Crim.P.* 12.1, providing for reciprocal discovery by the prosecution and the defense, comports with the requirements for due process and

a fair trial and does not violate the privilege against self-incrimination. We note, however, that *Williams*, 399 U.S. at 83 n. 14, 90 S.Ct. at 1897 n. 14, 26 L.Ed.2d at 451 n. 14, and *Wardius v. Oregon*, 412 U.S. 470, 472 n. 4, 93 S.Ct. 2208, 2211 n. 4, 37 L.Ed.2d 82, 86 n. 4 (1973), expressly left open the question of whether and to what extent a state may enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence, without offending the compulsory process clause of the sixth amendment to the *Constitution of the United States.* We, too, leave that question and the related state constitutional question open because the appellant here has not raised the issue.

denied effective assistance of counsel in this potentially crucial aspect of the case. The record herein is inconclusive as to the extent and results of the investigation of an alibi. The record is incomplete on this point primarily because the trial court's focus at trial was upon the importance of enforcing the alibi disclosure provisions of *W.Va.R.Crim.P.* 12.1, and not upon whether there had been ineffective assistance of counsel.

█ Where the record on appeal is inconclusive as to whether counsel failed to investigate the sole possible defense or a material defense adequately and with reasonable diligence, this Court will not decide on such a record whether a criminal defendant was denied effective assistance of counsel but will remand the case for development of the record on the point and for a ruling by the trial court on the question. *See United States v. Burgess*, 691 F.2d 1146, 1154 (4th Cir.1982); *People v. Pope*, 23 Cal.3d 412, 428, 152 Cal.Rptr. 732, 741, 590 P.2d 859, 868 (1979) (en banc); *State v. Tchida*, 347 N.W.2d 338, 340 (S.D.1984). Having afforded trial counsel an opportunity to explain why certain defenses were not presented, courts are in a position to evaluate intelligently whether counsel's performance was deficient and whether there was prejudice to the defense. The posture of the case now before this Court is virtually identical to that in *United States v. De-Coster*, 487 F.2d 1197 (D.C.Cir.1973):

> The present record, as is typical in cases raising a claim of ineffectiveness, poses more questions about counsel's preparation and investigation than it answers. For example, it is unclear whether an informed tactical judgment or a lack of preparation was at the root of counsel's inability to identify any alibi witnesses at the outset of trial, ... Accordingly, the record is remanded for a supplemental hearing on counsel's preparation, ...

487 F.2d at 1201.

For the same reasons we cannot on this record evaluate intelligently whether the trial court abused its discretion in refusing to grant a second continuance of the trial in order to allow completion of the preparation of the alibi defense.

### D.

█ The appellant here also alleges that trial counsel's inexperience with criminal trials supports the claim of ineffective assistance of counsel. Trial counsel admitted during the hearing on the appellant's motion for a new trial that he had not tried a case before a jury in circuit court for about eight years and that he therefore may not have rendered effective assistance to the appellant. This admission is not sufficient to establish ineffective assistance of counsel. Inexperience alone does not constitute ineffective assistance of counsel:

> Trial counsel's candid preliminary statement that her experience in the practice of law was limited and that it was her feeling that someone who had practiced criminal law for a longer period would be better able to represent appellant did not overcome her presumed competency. Ineffective counsel must be demonstrated by acts or omissions which cause actual prejudice to the defense.... Inexperience alone does not mean incompetency.

*State v. Tchida*, 347 N.W.2d 338, 339 (S.D.1984). *Green v. State*, 579 P.2d 14 (Alaska 1978), reaches the same conclusion:

> [E]very lawyer who handles criminal matters has once handled his first criminal matter. Not every lawyer would be guilty of rendering ineffective assistance the first few times he appeared in court. The test is whether his performance was below what would be expected of a lawyer with experience, not whether he in fact had that experience.

579 P.2d at 16. We have reviewed the entire record in this case and find that the appellant has failed to prove by the preponderance of the evidence that the performance of trial counsel at trial constituted ineffective assistance of counsel. As stated previously, though, a remand is necessary to determine whether counsel's preparation for trial constituted ineffective assistance of counsel.

### III

In the event that the trial court upon remand determines that the appellant's trial counsel's preparation for trial did not constitute ineffective assistance of counsel, we decide here, in the interests of judicial economy, whether the seventy-five-year sentence imposed upon the appellant for the aggravated robbery conviction is unconstitutionally disproportionate.

■ Under *W.Va. Code*, 61-2-12 [1961], a person convicted of aggravated robbery "shall be confined in the penitentiary not less than ten years." This particular statute thus imposes a minimum, but not an expressly stated maximum, sentence of confinement for conviction of this offense. This Court and the federal courts have, though, held or recognized that the legislature, by not expressly fixing a maximum term, has impliedly authorized life imprisonment as the maximum penalty for aggravated robbery for the purpose of sentencing. *State v. Turley*, 177 W.Va. 69, 71, 350 S.E.2d 696, 699 (1986), and the cases cited therein. An indeterminate sentence for aggravated robbery is invalid. *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 180, 267 S.E.2d 736, 737 (1980), and the cases cited at note 1. On the other hand, beyond the statutory minimum of ten years, the legislature has chosen not to deprive trial courts of discretion to determine the appropriate determinate term for life or for a specific number of years as the sentence for aggravated robbery. *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 181, 267 S.E.2d 736, 737 (1980). *Accord, State v. Cooper*, 172 W.Va. 266, 270, 304 S.E.2d 851, 854-55 (1983).

■ The legislature has broad power in prescribing punishments for criminal offenses, limited only by the constitutional prohibition against cruel and unusual punishments or disproportionate sentences. *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 533, 276 S.E.2d 205, 211 (1981), and the cases cited therein.[9] The fact that the aggravated robbery statute is an open-ended

sentencing statute in the sense that there is no expressly stated maximum limit of punishment does not render the statute unconstitutional on its face as authorizing cruel and unusual punishment. *State v. Houston*, 166 W.Va. 202, 204-205, 273 S.E.2d 375, 376 (1980), and the cases cited therein.

In determining the constitutionality of a given sentence, this Court has traditionally examined the sentence in light of the express proportionality requirement of *W.Va. Const.*, art. III, § 5: "Penalties shall be proportioned to the character and degree of the offence." Moreover, this proportionality analysis is particularly applicable to cases involving either a sentence imposed under an open-ended sentencing statute, such as the aggravated robbery statute, or a life recidivist sentence. *See* syl. pt. 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

■ In *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983), we set forth two tests to determine whether a sentence is so disproportionate to the crime that it violates *W.Va. Const.* art. III, § 5. The first test "is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." 172 W.Va. at 272, 304 S.E.2d at 857. *Cooper* then states the second test: If it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test spelled out in syllabus point 5 of *Wanstreet v. Bordenkicher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other

---

9. *U.S. Const.* amend. VIII and *W.Va. Const.* art. III, § 5 prohibit, *inter alia*, the infliction of "cruel and unusual" punishment. In addition,

*W.Va. Const.* art. III, § 5 expressly provides: "Penalties shall be proportioned to the character and degree of the offence."

jurisdictions, and a comparison with other offenses within the same jurisdiction. In *Cooper*, this Court set aside a sentence of forty-five years imposed upon a nineteen-year-old, first-time offender who had been convicted of aggravated robbery. The robbery victim had not been seriously injured, and the probation officer recommended a minimum sentence. The defendant expressed remorse. Under those circumstances we held that the sentence was so shocking to our sense of justice and therefore failed the first test for proportional sentences that it was not necessary to reach the objective *Wanstreet* test.

Similarly, in *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984), this Court set aside a seventy-five-year sentence for aggravated robbery. There the defendant, a twenty-three-year-old, had committed his first offense of violence, expressed remorse, offered restitution and received a presentence report that was not entirely negative. In addition, the Court held that the defendant's sentence was disparate to that received by a codefendant. The Court cited *Cooper*'s shocking-to-the-conscience test for proportionality but also made a comparative sentence analysis for first convictions of aggravated robbery in deciding that the sentence was disproportionate under the circumstances.

■ The circumstances here are materially distinguishable from those in *Cooper* and *Buck*. The record in this case indicates that the appellant has a felony record going back to the middle 1960's; that he had committed two previous malicious assaults and had been convicted of arson and receiving stolen property; that he had spent time in the penitentiary for these offenses; that the presentence report recommended that he be given the maximum sentence because he has been repeatedly violent and is dangerous to society; and that the victim in this case nearly died from the malicious assault upon him. In short, it would be difficult to have a more egregious case of aggravated robbery or a person who would be more suited for long-term removal from society.

Robbery has always been regarded as a crime of the gravest character. *State v.*

*Newman*, 108 W.Va. 642, 646, 152 S.E. 195, 196 (1930). Other jurisdictions agree. *See, e.g., State v. Boag*, 104 Ariz. 362, 370, 453 P.2d 508, 516 (1969) (en banc) (75 to 99 years for robbery is not cruel and unusual punishment); *People v. Isitt*, 55 Cal.App.3d 23, 27–28, 30–31, 127 Cal.Rptr. 279, 281, 283–84 (1976) (life sentence without possibility of parole for "kidnapping for robbery" is not disproportionate), *review denied*, Mar. 31, 1976; *State v. Victorian*, 332 So.2d 220, 221–22 (La.1976) (45 years without possibility of parole is not "cruel, excessive or unusual punishment" for armed robbery, under statute authorizing between 5 and 99 years without possibility of parole); *Garrett v. State*, 486 S.W.2d 272, 274 (Mo.1972) (99 years for first degree robbery, with a prior felony, is not excessive punishment).

We conclude that the sentence imposed in this particular case is not disproportionate under *Cooper*'s subjective or objective tests.

For the reasons stated in section II of this opinion, this case is remanded to the trial court for development of the record and a ruling upon whether trial counsel investigated the purported alibi defense adequately and with reasonable diligence.

Remanded with directions.