# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Rajion Alterek Mayo,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0559** (Cabell County 15-C-142)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rajion Alterek Mayo, by counsel Jason Goad, appeals the May 26, 2016, order of the Circuit Court of Cabell County denying his petition for writ of habeas corpus.[1] Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex,[2] by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply. By order entered April 19, 2017, this Court directed the parties to file supplemental briefs. Petitioner filed a supplemental brief on May 17, 2017. Respondent filed a supplemental brief on October 20, 2017, following an extension of time granted by order entered October 4, 2017.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was born on April 30, 1992. On March 30, 2010, petitioner and another juvenile, J.M., approached a couple at Ritter Park in Huntington, West Virginia, and "pulled a weapon on the guy." Petitioner and J.M. robbed the man of $27 and left the scene. Subsequently, after

---

[1]Appellate counsel was appointed for petitioner by the circuit court on April 6, 2017, following a remand for that limited purpose.

[2]Since the filing of the appeal in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

petitioner's eighteenth birthday, he fired a weapon into a vehicle during an attempted robbery on July 26, 2010. An individual was struck and died from the injury.

With regard to the March 30, 2010, incident, petitioner was initially charged in juvenile court, but was later transferred to adult court. On February 17, 2011, a Cabell County grand jury indicted petitioner for attempted first-degree robbery of the woman and first-degree robbery of the man and, with regard to the July 26, 2010, incident, indicted him for murder "during the commission of a [f]irst [d]egree [r]obbery." On September 16, 2011, petitioner entered into a plea agreement. Pursuant to the agreement, the State dismissed the first-degree murder and attempted first-degree robbery counts of the indictment. In exchange, petitioner agreed to plead guilty to second-degree murder (charged by information) and to the first-degree robbery count of the indictment. The parties agreed that the State could argue for a forty-year sentence for second-degree murder and that petitioner could argue for a twenty-year sentence for that offense. Furthermore, the State agreed to recommend no more than a twenty-year sentence for first-degree robbery and that petitioner could argue for concurrent sentencing. At a September 16, 2011, hearing, the circuit court accepted the plea agreement and petitioner's pleas of guilty to second-degree murder and first-degree robbery.

By sentencing order entered December 15, 2011, the circuit court imposed thirty years of incarceration for second-degree murder and twenty-years of incarceration for first-degree robbery, to be served consecutively. On January 26, 2012, petitioner filed a motion for reduction of sentence. The circuit court denied the motion on June 4, 2013. On July 26, 2013, petitioner filed a second motion for reduction of sentence and a motion for appointment of counsel. The circuit court denied those motions on September 5, 2013, finding that the request for reduction of sentence was untimely under Rule 35(b) of the West Virginia Rules of Criminal Procedure, but also that "no circumstances have changed since [petitioner]'s sentencing." Petitioner appealed the September 5, 2013, order in *State v. Mayo*, No. 13-1003, 2014 WL 6634229 (W.Va. November 24, 2014) (memorandum decision). This Court affirmed the denial of the motion for reduction of sentence, finding that petitioner's sentence for first-degree robbery was not unconstitutionally disproportionate to the offense. *Id.* at *2-3.

On February 26, 2015, petitioner filed a petition for writ of habeas corpus alleging that his sentence for first-degree robbery was unconstitutionally disproportionate to the less severe sentence imposed on his co-defendant, J.M., whose case proceeded in the juvenile delinquency system. Petitioner was appointed an attorney who elaborated on his claim in an amended petition. At a May 12, 2016, omnibus hearing, petitioner testified that he and J.M. had similar juvenile records and that both had previously served sentences of detention. Petitioner stated that it was his belief that J.M. discharged his sentence for first-degree robbery after a year of juvenile detention. However, petitioner's attorney acknowledged that, because J.M.'s juvenile record was sealed, the exact nature of J.M.'s sentence was unknown. On cross-examination, petitioner confirmed that his juvenile record included two battery charges, a petit larceny charge, and a charge for possession of a controlled substance. Petitioner admitted that his unlawful conduct intensified over time and that his "last crimes were way more severe." By order entered May 26, 2016, the circuit court denied habeas relief, finding that petitioner's sentence for first-degree robbery was neither

unconstitutionally disproportionate to the offense nor in relation to any sentence imposed on his juvenile co-defendant.

Petitioner now appeals the circuit court's May 26, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred in denying his habeas petition. Respondent counters that the circuit court properly denied the petition as the alleged ground for relief was without merit. We agree with respondent.

Article III, Section 5 of the West Virginia Constitution contains the cruel and unusual punishment counterpart to the Eighth Amendment to the United States Constitution and provides that "[p]enalties shall be proportioned to the character and degree of the offence."[3] We have found that there are two tests for determining whether a sentence is so disproportionate that it violates our constitutional provision:

> The first is a subjective test and asks whether the sentence for a particular crime shocks the conscience of the Court and society. If the sentence is so offensive that it cannot pass this test, then inquiry need proceed no further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts.

*State v. Ross*, 184 W.Va. 579, 581-82, 402 S.E.2d 248, 250-51 (1990) (citing *State v. Martin*, 177 W.Va. 758, 356 S.E.2d 629 (1987); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987); *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984)).

---

[3]In syllabus point 4 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981), we held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." West Virginia Code § 61-2-12(a) sets forth no maximum term for first-degree robbery.

We reject petitioner's argument that his twenty-year sentence for first-degree robbery is unconstitutionally disproportionate to the offense. We adopt our analysis from *Mayo* where we applied both tests and found:

> . . . [P]etitioner's sentence does not shock the conscience, especially in light of the fact that petitioner threatened violence in the crime's commission. According to petitioner, he approached his victims in a public park and "pulled a weapon on the guy" before taking his money and fleeing the scene. While petitioner noted that the weapon was not an actual firearm but instead an air gun, he did state that it had the appearance of a working firearm. Based upon these factors, the Court finds that petitioner's sentence does not shock the conscience.
>
> Further, the Court finds that, based upon the nature of the offense committed, as well as petitioner's previous behavior, the first[-]degree robbery sentence imposed upon him by the circuit court does not violate the proportionality principle contained in Article III, § 5 of the West Virginia Constitution. Petitioner was originally indicted on one count of felony murder in the commission of first[-]degree robbery, one count of attempted first[-]degree robbery, and one count of first[-]degree robbery, all stemming from separate and distinct events. Moreover, petitioner pled guilty to second[-]degree murder after one robbery victim died from a gunshot sustained during the commission of that crime.

2014 WL 6634229, at *3.

Petitioner further argues that his first-degree robbery sentence was unconstitutionally disproportionate to the less severe sentence imposed on his juvenile co-defendant. In syllabus point 2 of *Buck*, we held:

> Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age[,] and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

173 W.Va. at 244, 314 S.E.2d at 407.

Here, the circuit court found that "there are sufficient and reasonable differences between [petitioner] and his co-defendant in the [first-degree] [r]obbery to find that the defendants differed in their criminal backgrounds . . . to justify [petitioner]'s severer sentence (internal quotation and citations omitted)." We agree. At the omnibus hearing, petitioner admitted that his unlawful conduct intensified over time and that his "last crimes were way more severe." While petitioner testified that the transfer out of the juvenile system prior to his indictment for the murder committed after his eighteenth birthday did not "seem fair," he never alleged that the transfer of the first-degree robbery charge to adult court was erroneous. We find that any disparity between

4

petitioner's sentence and his codefendant's sentence is attributable to petitioner's transfer to adult court. Accordingly, because the two codefendants were not similarly situated, we conclude that petitioner's first-degree robbery sentence was not unconstitutionally disproportionate to J.M.'s less severe sentence and that the circuit court did not abuse its discretion in denying petitioner's habeas petition.[4]

For the foregoing reasons, we affirm the circuit court's May 26, 2016, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED**:  May 18, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[4]In his initial brief, filed pro se, petitioner argued that his first-degree robbery sentence also violated the double jeopardy clauses of Article III, § 5 of the West Virginia Constitution and the Fifth Amendment to the United States Constitution. Petitioner alleged that the circuit court imposed a twenty-year sentence for first-degree robbery as an additional punishment for his second-degree murder conviction. Respondent counters that double jeopardy principles are not implicated in this case. Respondent notes that petitioner was given a separate sentence for each of his convictions and that, if the circuit court believed that petitioner deserved a sentence of more than thirty years of incarceration for second-degree murder, the court could have sentenced him to forty years of incarceration for that offense. *See* W.Va. Code § 61-2-3 (providing a definite sentence from ten to forty years of incarceration for second-degree murder). We agree with respondent and find that double jeopardy principles are not implicated in this case.