**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 19-1192** (Ohio County 19-F-15)

**John Henry Herring,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner John Henry Herring, by counsel Richard Hollandsworth, appeals his sentence following his conviction of first-degree robbery. Respondent State of West Virginia, by counsel Patrick Morrisey and Scott Johnson, filed a response in support of petitioner's sentence. Petitioner argues that the circuit court abused its discretion in sentencing him to a term of imprisonment disproportionate to his crime and harsher than the sentences of his co-defendants.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 20, 2018, petitioner, his then-girlfriend Devin Howell, and Ms. Howell's stepfather, William Ruckman, robbed a Domino's pizza restaurant in Wheeling. As the trio stormed the restaurant, they encountered a single worker, Ms. Rebecca Vandever ("victim").[1] Mr. Ruckman acted as a lookout, and remained at the door of the restaurant, while petitioner and Ms. Howell went behind the counter. Petitioner and Ms. Howell yelled at the victim and demanded money from the cash register. The register was opened, and the money therein collected by petitioner and Ms. Howell. During the commission of the robbery, the victim was physically pushed by petitioner, and grabbed by Ms. Howell, who placed a knife to the victim's throat. When the victim appeared to approach a wall phone, petitioner ripped the phone cord out of the wall. Surveillance cameras in the restaurant showed petitioner shoving the victim and established that petitioner was an active participant in the robbery.

---

[1] When the trio entered the restaurant, the victim was on the telephone with her husband. The victim's call with her husband remained active during the robbery.

Ultimately, petitioner, Ms. Howell, and Mr. Ruckman were arrested, and were indicted on charges of first-degree robbery and conspiracy to commit robbery. Petitioner pled guilty to a charge of first-degree robbery.[2] In return for his guilty plea, the charge of conspiracy to commit robbery was dismissed.

During his plea colloquy, petitioner acknowledged that he had a right to a jury trial; that he had an adequate opportunity to speak to his counsel, that counsel had advised him of the potential mandatory minimum penalty as well as the potential maximum penalty, and that he was satisfied with counsel's services; that the terms of the plea agreement were explained to him and that he was not threatened or forced to enter a plea; and that he understood that he could be sentenced to the maximum penalty upon entering a plea of guilty, just as if he were convicted following a trial. Further, petitioner acknowledged having a previous history of mental health issues requiring hospitalization but advised the circuit court that at the time of the plea hearing, he was not suffering from any psychological or mental conditions and was not on any medications. Petitioner waived a pre-sentence report and was sentenced, at the conclusion of the plea hearing, to an indeterminate sentence of one to five years on the unlawful assault conviction. However, the court withheld sentencing on the robbery conviction until such time as petitioner's co-defendants' criminal cases were completed.

On October 28, 2019, a sentencing hearing on petitioner's robbery conviction was held. At the hearing, petitioner testified and expressed remorse for his actions, but claimed that he was coerced by Mr. Ruckman and Ms. Howell to participate in the robbery. In addition to his own testimony, petitioner presented the testimony of his mother, brother, aunt, friend, and girlfriend, who each swore as to petitioner's suggestible non-violent nature. Further, petitioner qualified that his act of pushing the victim during the robbery was not an act of aggression but was an attempt to help the victim get to the back door of the restaurant and away from petitioner's knife-wielding co-defendant.

Conversely, the State proffered the testimony of the victim (who was unable to appear in court) that petitioner was not attempting to assist her in escaping when he pushed her during the commission of the crime. The State argued that during the robbery, petitioner was not trying to help anyone but himself and noted that petitioner had plenty of time prior to and during the commission of the crime to change his mind, or run, or get help, or call the police but did none of those things. Ultimately, the court sentenced petitioner to a determinate term of sixty-years imprisonment for his robbery conviction, to run consecutively with his sentence for unlawful assault. The court specifically observed that the victim would live with this robbery for a long time and may never get this serious crime out of her mind. The judge reasoned that if the knife held to the victim's throat during the crime would have slipped, she could easily have been killed all while her husband listened on the phone.

---

[2] Petitioner also pled guilty to unlawful assault related to a previous charge of malicious wounding for which he was on pre-trial bail at the time of the commission of the robbery herein. Petitioner's plea to unlawful assault is not at issue in the instant appeal.

We generally note that petitioner's arguments do not comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. That rule provides, in pertinent part, that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, . . . [and] [t]he argument must contain appropriate and specific citations to the record on appeal[.] " W. Va. R. App. P. 10(c)(7). Also, "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.*; *see also State, Dep't of Health and Hum. Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs."). Despite petitioner's deficient briefing, the Court will address petitioner's challenges to the best of its ability.

In his first assignment of error, petitioner contends that his sentence of sixty years for his first-degree robbery conviction was so disproportionate to the crime that it shocks the conscience and "offends fundamental notions of human dignity." Further petitioner argues that his actions during the commission of the underlying crime "do not rise to the level justifying what is, in effect, a life sentence" for petitioner. This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). But "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W. Va. 246, 250, 565 S.E.2d 368, 372 (2002).

Initially, we find that petitioner's sentence is within the statutory limits of West Virginia Code § 61-2-12(a)(1) and was not based on any impermissible factor.[3] Article III, Section 5 of the West Virginia Constitution contains the cruel and unusual punishment counterpart to the Eighth Amendment to the United States Constitution and provides that "[p]enalties shall be proportioned to the character and degree of the offence."[4] This Court has long held that there are two tests for determining whether a sentence is so disproportionate that it violates our constitutional provisions:

---

[3] West Virginia Code § 61-2-12(a)(1) provides that:

(a) Any person who commits or attempts to commit robbery by: (1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

[4] In Syllabus Point 4 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), we held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." West Virginia Code § 61-2-12(a)(1) sets forth no maximum term for first-degree robbery.

The first is a subjective test and asks whether the sentence for a particular crime shocks the conscience of the Court and society. If the sentence is so offensive that it cannot pass this test, then inquiry need proceed no further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts.

*State v. Ross*, 184 W. Va. 579, 581-82, 402 S.E.2d 248, 250-51 (1990) (citing *State v. Martin*, 177 W.Va. 758, 356 S.E.2d 629 (1987); *State v. Glover*, 177 W. Va. 650, 355 S.E.2d 631 (1987); *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984)).

We reject petitioner's argument that his sixty-year sentence for first-degree robbery is unconstitutionally disproportionate to the offense such that it shocks the conscience. Here, petitioner entered the victim's workplace and physically assaulted her, demanding money. The record reflects that the petitioner shoved the victim multiple times, once into a set of shelves, and that he was so enraged and aggressive toward the victim that when he believed she was approaching the telephone, he ripped the phone cord from the wall. Based upon these factors, the Court finds that petitioner's sentence does not shock the conscience, and, accordingly, we find no error under the subjective test. As to the objective test, in sentencing petitioner, the court below undertook consideration of the violent and serious nature of the offense and petitioner's proclivity for violence based upon his unlawful assault conviction and the violence towards the victim of the underlying robbery. Thus, we find no error under the objective test.

In his second and third assignments of error, petitioner argues that the circuit court abused its discretion in sentencing petitioner as his role in the robbery was not as egregious and culpable as his co-defendants' roles. In Syllabus Point 2 of *Buck*, we held:

Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age[,] and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

173 W.Va. at 244, 314 S.E.2d at 407.

Petitioner's primary argument is that he was not the mastermind of the underlying robbery, like his co-defendant Mr. Ruckman, and did not possess or use a deadly weapon during the commission of the robbery, like his co-defendant Ms. Howell. Accordingly, petitioner contends that his sentence was disparate and, thus, unconstitutional. We disagree.

As to Mr. Ruckman, he pled guilty to conspiracy and entering without breaking, and received a lesser sentence. Because petitioner was not convicted of the identical crime as Mr. Ruckman, he cannot maintain a disparate sentence claim as to Mr. Ruckman, as the two are not similarly situated. As to Ms. Howell, petitioner received the same sentence as Ms. Howell, who

also pled guilty to first-degree robbery. While Ms. Howell brandished a weapon during the robbery and petitioner did not, that fact is of little consequence. The video of the robbery illustrates that petitioner was an active participant in the robbery, including pushing the victim and pulling a telephone cord out of the wall. While petitioner argues that he only pushed the victim so that she could access the back door of the restaurant to escape, the circuit court found that petitioner's statements in this regard were not credible. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Because petitioner received the same sentence as Ms. Howell, he cannot argue the sentences are disparate. Accordingly, we find no error.

For the foregoing reasons, we affirm petitioner's sentence for his conviction of first-degree robbery.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment